(37 App. Div. 510.)

### MIDDLETON v. AMES.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

SUFFICIENCY OF COMPLAINT.

> A complaint alleged that plaintiff sold defendant certain personal property, and the good will of a business, for which defendant agreed to make weekly payments out of the proceeds of the business; that defendant had sold the personal property, abandoned the business, and demanded an accounting and judgment for the balance due. *Held* that, since the complaint showed that plaintiff was entitled to some relief, his failure to demand the proper relief did not make the complaint demurrable as not stating a cause of action.

Appeal from special term.

Action by William Middleton against William J. Ames. From a judgment overruling a demurrer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William H. Know, for appellant.
William H. Andrews, for respondent.

McLAUGHLIN, J. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the interlocutory judgment entered the defendant appealed.

The complaint alleged that the parties and one Henry Onequi on the 3d of February, 1898, entered into a written contract, by the terms of which the plaintiff and Onequi sold and delivered to the

defendant certain personal property, including the good will of a business theretofore carried on by them, for the sum of $8,250, which sum the defendant agreed to pay "out of the proceeds of the business to be done through the property and good will sold; three-fifths thereof to be paid to said Onequi in weekly payments of $150, and two-fifths thereof to be paid to said Middleton in weekly payments of $100." The complaint further alleged that the defendant had sold and disposed of the personal property, and abandoned the business; that he had paid to the plaintiff the sum of $150, and no more; and that plaintiff had demanded an accounting, which had been refused. The relief demanded was an accounting under the agreement, and a judgment for the balance which might be found due the plaintiff, and such other and further relief as might be just.

Whatever may be said of the complaint, it is clear that the facts stated show that the plaintiff is entitled to some relief, and therefore the ruling of the court at special term was right. The general rule is that, if the facts stated show that the plaintiff is entitled to any relief, it matters not whether it be legal or equitable, the complaint is not demurrable on the ground that it does not state a cause of action. A party is not to be turned out of court simply because he has made a mistake in demanding the relief to which he is entitled. Wetmore v. Porter, 92 N. Y. 76. Here the plaintiff may not be entitled to an accounting, but that he is entitled to some relief, upon the facts stated, cannot be seriously questioned. The defendant obtained possession of his property and the good will of the business referred to under a promise to pay for the same, which promise he has failed to keep. He has sold and disposed of the property and abandoned the business, and it does not require an extended discussion to show that he is under some legal liability to the plaintiff. The violation of a legal contract usually subjects some one to a liability.

It follows that the judgment appealed from is right, and should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer within 20 days upon payment of costs in this court and in the court below. All concur.