HOTEL REGISTER CO. OF NEW YORK v. OSBORNE.

(Supreme Court, Appellate Division, First Department.  June 5, 1903.)

1. ACTION ON CONTRACT—PLEADING—STATEMENT OF CAUSE OF ACTION—INAPPROPRIATE RELIEF.

Where the complaint in an action on a contract stated that defendant, while in the employ of plaintiff, collected various sums of money for it, which he refused to turn over, and prayed for an accounting and judgment for whatever sum might be found due, and for the delivery to plaintiff of all books and papers kept by defendant in relation to plaintiff's business, the complaint was not demurrable on the ground that it did not state a cause of action, even though plaintiff was not entitled to all the relief prayed.

Appeal from Special Term, New York County.

Action by the Hotel Register Company of New York against Charles R. Osborne.  From a judgment sustaining a demurrer to the complaint, plaintiff appeals.  Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Josiah Canter, for appellant.
Theron G. Strong, for respondent.

McLAUGHLIN, J.  The complaint in this action alleges, in substance, that in pursuance of two certain contracts, which are annexed to and made a part of the complaint, the defendant entered into and continued for a time in the employ of the plaintiff, and, while acting in that capacity did certain business and collected various sums of money, for which he has not accounted, notwithstanding he has been requested so to do; and that the plaintiff has no means of ascertaining the amount of business done or the money collected. The contracts referred to provided that the plaintiff would pay to the defendant a specified commission on all advertising, outside the office business, obtained through his efforts, and that defendant was to keep true and accurate accounts of all negotiations and transactions, give daily reports as to progress of prospective deals and earnings, for which, under one of the contracts, plaintiff was to pay $50 per year.  The provision as to the payment of this sum was omitted in the second contract, but both of them contained provisions to the effect that books were to be kept, which were, together with all correspondence, etc., to be the property of the plaintiff.  The relief demanded is an accounting and judgment for whatever sum may be found due, and delivery to plaintiff of all the books, papers, etc., kept by the defendant in relation to plaintiff's business.  The defendant demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action.  The demurrer was sustained, and the plaintiff has appealed.

We are of opinion that the judgment appealed from must be reversed.  The demurrer, of course, admits all of the facts stated in the complaint, as well as all inferences that can fairly and legitimately be drawn from them.  It appears that the defendant, while in the employ of the plaintiff, and engaged in the transaction of its business,

collected various sums of money for it, which he refuses to turn over. The existence of such facts being admitted, it would hardly seem necessary to resort to argument or the citation of authorities to demonstrate that the plaintiff is entitled to some relief. The general rule is that, if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, the complaint is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. Middleton v. Ames, 37 App. Div. 510, 57 N. Y. Supp. 443; Lester v. Seilliere, 50 App. Div. 239, 63 N. Y. Supp. 748. A party is not to be turned out of court simply because he has made a mistake in demanding the relief to which he is entitled. Wetmore v. Porter, 92 N. Y. 76. Here the plaintiff may not be entitled to all it has asked, but it is entitled to have the defendant turn over whatever money or property he holds which belongs to it. The plaintiff intrusted defendant with the management of a portion of its business, and while acting in that capacity he was the agent of the plaintiff, and the money he received he held as its trustee, and could be compelled to account therefor. Schantz v. Oakman, 163 N. Y. 148, 57 N. E. 288. He agreed to keep true and accurate accounts of what he did, give daily reports, and that all books and other data kept should be the property of the plaintiff. He not only refuses to turn over the moneys collected, or to account therefor in any way, but he also refuses to turn over the books and papers kept by him. Under such circumstances we are of the opinion that a proper case was presented for the exercise of the equitable power of the court to compel him to render an account.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer overruled, with costs, with leave to defendant to withdraw demurrer, and to answer on payment of costs in this court and in the court below. All concur.