(113 App. Div. 79)

### ISBELL–PORTER CO. v. HEINEMAN.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

**1. PLEADING—DEMURRER—QUESTIONS RAISED.**

Under Code Civ. Proc. § 494, providing that a counterclaim or defense consisting of new matter may be demurred to on the ground that it is insufficient in law upon the face thereof; section 495 providing that when a counterclaim demands an affirmative judgment it may be demurred to on various grounds, including the ground that it does not state facts sufficient to constitute a cause of action, the sufficiency of a demurrer to a pleading entitled a "defense and by way of set-off and counterclaim," must be tested by determining whether the facts alleged in the defense constitute either a defense, set-off or counterclaim.

**2. SALES—ACTION FOR PRICE—DEFENSES—RETENTION OF GOODS.**

In an action for the price of a refrigerating plant plaintiff alleged that the plant was erected under a contract requiring it to be of certain efficiency, which requirement the plant did not fulfill because of defendant's fault. It was alleged that defendant took possession of the plant, accepted it and used it for several years and recovery was sought for the reasonable value of it. *Held* that, an answer alleging that the plant did not satisfy the requirements of the contract, that defendant had refused to accept it, demanded that plaintiff remove it, and seeking to recover a portion of the purchase price which had been paid, stated a defense although it was disclosed by the pleading that defendant retained and used the plant.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 972.]

**3. SAME—REMEDIES OF BUYER.**

Where a refrigerating plant, erected by plaintiff for defendant under a contract, failed to meet an express warranty contained in the contract defendant had a right to retain it and recover or offset as damages the difference between the value of the plant as erected and its value had it been as required by the contract.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1214.]

**4. PLEADING—DEMURRER TO COUNTERCLAIM.**

The fact that a defendant who sets up a counterclaim cannot, on the facts pleaded, recover the damages which he demands, or that the rule of damages is not as he asserts it to be, is not ground for demurrer to the counterclaim if the facts stated show a good cause of action.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 439.]

**5. SALES—BREACH OF WARRANTY—DAMAGES.**

Where plaintiff erected a refrigerating plant for defendant under a contract expressly warranting that it would cool a certain number of pounds of brine with a certain amount of steam, defendant could not, after discovering that more than the contract quantity of steam was required to do the work, hold plaintiff liable for the expense of producing the increased quantity of steam during the time the plant was used.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1290.]

Appeal from Special Term, New York County.

Action by the Isbell-Porter Company against Isaac Heineman. From an interlocutory judgment sustaining a demurrer to two separate defenses in the answer, defendant appeals. Reversed and remanded, with directions.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

William C. Rosenberg, for appellant.

Jay E. Whiting, for respondent.

HOUGHTON, J.   By its complaint the plaintiff alleges that it entered into a contract with the defendant for the installing of a refrigerating plant at the agreed price of $5,000, under a specific guaranty as to the efficiency of the plant when completed; that it was installed according to specifications, and that upon test, owing to adverse conditions for which the defendant was responsible, only 90 per cent. of the duty required by the guaranty was shown.   Then follow allegations that the defendant took possession of the plant as erected, accepted and used the same for nearly four years, refusing to permit plaintiff to remove the same, and that the reasonable value of such plant was $4,700, only $2,500 of which has been paid, and judgment is demanded for the balance.   While, therefore, the plaintiff sets up a contract to erect the plant, with a guaranty of efficiency, the action is in realty one on quantum meruit for the value of the plant actually installed and retained and used by the defendant.

The defendant answered admitting the entering into of the contract, but denying that it contained all of the agreement had between the parties, and also denying the other allegations of the complaint, except the incorporation of the plaintiff, and the name under which defendant was carrying on his business.   Then follow three separate answers, each styled "a separate and distinct defense" and "by way of set-off and counterclaim."   In the first defense the defendant alleges the making of the contract for the installing of the refrigerating plant, with guaranty as to its efficiency, and that it had never shown an efficiency equal to the guaranty, and that he refused to accept the plant and demanded that plaintiff remove it; and that during the erection thereof he paid $2,500 to plaintiff at its special instance and request, on the understanding that the same was to be applied on such contract in case the plant was completed in accordance therewith, and that the repayment of such money had been demanded and refused; and that by reason of all these facts the defendant had been damaged in the sum of $2,500, with interest theron from the time of payment.   The third defense alleges that the contract guaranteed that the machine would cool a certain number of pounds of brine per minute by the use of a certain number of pounds of steam per hour, and that it has always required a greater amount of steam to cool a less amount of brine, and that the defendant has been damaged in the sum of $2,000 by being compelled to produce this excess amount of steam in order to operate the plant.   In his final prayer defendant combines these two amounts, and asks judgment against the plaintiff therefor, with costs.

The plaintiff demurred to these two "separate and distinct defenses, and by way of set-off and counterclaim" on the ground that each was insufficient in law upon the face thereof, and such demurrers were sustained, and from the interlocutory judgment entered thereon the defendant appeals.

The Code, under the heading "when plaintiff may demur to answer," provides that the plaintiff may demur to a counterclaim or a defense consisting of new matter, contained in the answer, "on the ground that it is insufficient in law upon the face thereof."   Code Civ. Proc. § 494. Under the heading of "demurrer to counterclaim when defendant demands an affirmative judgment" various grounds of demurrer are pro-

vided, amongst them being that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, and that it does not state facts sufficient to constitute a cause of action. Code Civ. Proc. § 495. It is therefore apparent that provision is made by the Code for demurring to different kinds of counterclaims. Where the counterclaim is in the nature of a complaint several special grounds of demurrer are provided. Where the counterclaim set up is for the purpose of defeating the plaintiff's recovery, with no demand for affirmative judgment, it partakes of the nature of a special defense, and it can be demurred to only on the ground that it is insufficient in law upon its face. A demurrer to a defense consisting of new matter can be taken only on that ground. The special answers demurred to are denominated both as defenses and counterclaims and set-offs. The sufficiency of the demurrer is therefore to be tested by determining whether the facts pleaded allege any one of the three. With respect to the first separate answer, we think the facts pleaded show a good defense, and that the demurrer that it was insufficient on its face, was improperly sustained.

Although the complaint set forth the contract originally entered into for the installation of the refrigerating plant, recovery is sought not on the ground that the contract was performed, but upon the ground that defendant prevented completion and accepted a different plant, the value of which was demanded. It was entirely proper for the defendant to plead that this was not true, and that the plant was in fact installed under the contract, and that it did not conform to it, and did not do the work which it was guarantied to do. If the plant was in fact installed under the contract, then the plaintiff could not recover on quantum meruit for work performed and material furnished, if the plant did not meet the requirements specified. The facts plead by defendant in substance, are to the effect that the plant was erected in pursuance of the contract without waiver as to deficiency of duty, and that it did not meet the efficiency which was guarantied, and that defendant did not accept the plant as erected, but demanded that plaintiff retake it, which demand was refused. It is insisted that because it is disclosed by the pleading that the defendant retained and used the plant, and because he demands as damages the part of the purchase price which he has paid, that this plea is destroyed as a defense.

If the plant was in fact erected under the contract and failed to meet the contract requirements, there being an express warranty the defendant had a right to retain it and recover or offset his damages. Day v. Pool, 52 N. Y. 416, 11 Am. Rep. 719; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Cooper v. Payne, 103 App. Div. 118, 93 N. Y. Supp. 69. Such damages would be measured by the difference between the value of the plant as erected, and the value stipulated by the contract. Rochevot v. Wolf, 96 App. Div. 506, 89 N. Y. Supp. 142; Bates v. Fish Bros. Wagon Co., 50 App. Div. 38, 63 N. Y. Supp. 649, affirmed 169 N. Y. 587, 62 N. E. 1094. That the defendant alleged that he paid the $2,500 under the circumstances set forth, and that he had demanded its return and concluded that he was damaged in that sum, with interest from the time of payment, does not destroy the defense set forth by the other allegations. That the defendant cannot on the facts pleaded recover the damages which he demands, or that the rule

of damages is not such as he asserts it to be, is not good ground for demurrer if the facts stated show a good cause of action or defense. Middleton v. Ames, 37 App. Div. 510, 57 N. Y. Supp. 443; Abbey v. Wheeler, 170 N. Y. 122, 127, 62 N. E. 1074.

It is not necessary for us to determine, as this defense now stands, whether the defendant could recover any damages at all. Tested as a defense, however, it does allege that the refrigerating plant was erected in pursuance of the contract, without waiver; that it did not comply with the contract, and that defendant refused to accept it, and demanded that plaintiff dismantle it and take it away. That the defendant may be embarrassed in this defense by the fact that he continued to use the plant, is another question not arising on this demurrer. With respect to the other defense demurred to, we think the demurrer was properly sustained. It is alleged that by the contract set forth in the complaint, a certain efficiency was guarantied by the production of a certain amount of steam. The contract so referred to provides that the fuel necessary for a test should be furnished by the defendant. That more steam was required than the contract stipulated, and hence that more fuel was necessary to be used, was made apparent by the test, the expense of which was to be borne by the defendant. After ascertaining this fact defendant could not continue running the plant and hold the plaintiff liable for such extra expense. Where a purchaser ascertains defects in a machine, sold with guaranty, and yet persists in using it, whereby losses and expenses are incurred, he does so in his own wrong, and cannot recover the amount of such losses and expenses as damages for a breach of the warranty. Draper v. Sweet, 66 Barb. 145; Bruce v. Fiss, Doerr & Carroll Horse Co., 47 App. Div. 273, 62 N. Y. Supp. 96.

The interlocutory judgment appealed from should be reversed as to the first defense, and the demurrer thereto overruled, and as to the third defense the judgment sustaining the demurrer should be affirmed, without costs of appeal or in the court below to either party, with leave to the plaintiff to withdraw its demurrer as to such first defense, and reply if so advised, and with leave to the defendant to amend his answer as to the third defense if he so desires. All concur.