It appears clearly established by the evidence that, some months after the work had been performed by plaintiff and the.engine installed in defendant's house, the defendant, with full knowledge of the alleged defects, promised in writing to pay for it. Moreover, the evidence seems to indicate that the alleged imperfect operation was not so much due to defects in the engine as to the defendant's method of running it. Defendant never tried to get any one else to fix the engine, nor sought to learn if the alleged defects could be remedied, nor gave plaintiff an opportunity to remove them. The judgment is against the weight of evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

---

### FOSULLO v. BONJIORNO.

(Supreme Court, Appellate Term. June 27, 1907.)

COURTS—MUNICIPAL COURTS—PROCEDURE ON APPEAL.
  Where, on appeal from the Municipal Court, the defendant presents affidavits, copies of which had been served on plaintiff's attorney, showing that no service of process was had on him, and the plaintiff filed no affidavits in reply, the allegations of the defendant's affidavits must be taken as true, and the judgment reversed.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Gaetano Fosullo against Giovanni Bonjiorno. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Meyer Greenberg, for appellant.

PER CURIAM. Defendant appeals from a judgment of the Municipal Court, and hands up affidavits, copies of the same having been previously served on the plaintiff's attorney, showing that no service of the process was ever made upon him. The plaintiff has filed no affidavits in reply, and the allegations of the defendant contained in his affidavits must be taken as true.

Judgment reversed, with costs, and complaint dismissed.

---

(55 Misc. Rep. 222)

### VONNOH v. SIXTY-SEVENTH ST. ATELIER BUILDING.

(Supreme Court, Appellate Term. June 27, 1907.)

1. CORPORATIONS—CONTRACTS WITH DIRECTORS—VALIDITY.
  That plaintiff was a director in the corporation he sued for the breach of a rental contract with him was not a defense to the action, since it cannot be said that, regardless of the terms of such a contract, it is illegal.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1401, 1402.]

2. PLEADING—LEGAL CONCLUSIONS.
  In an action by a director against the corporation for the breach of a contract with him, after a statement that when the contract was made

plaintiff was a director in defendant company, averments "that therefore the said alleged contract was illegal and cannot be enforced by the plaintiff," and that the directors had no power or authority to make the contract, were demurrable as legal conclusions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12, 13, 17.]

Appeal from City Court of New York, Special Term.

Action by Robert W. Vonnoh against the Sixty-Seventh Street Atelier Building. From an interlocutory judgment overruling his demurrer to separate defenses in the answer, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Sherrill Babcock, for appellant.
Keith & Abbot, for respondent.

PER CURIAM. This is an appeal from an interlocutory judgment overruling the plaintiff's demurrer to the second and third separate defenses set forth in the answer. The complaint alleges that the defendant is a corporation, and that the plaintiff was one of its stockholders, and that the plaintiff entered into a contract with defendant whereby he was to make certain alterations in certain floors of the defendant's building, and in consideration of making certain alterations in its building the plaintiff was to enjoy the use of certain apartments on two floors at a nominal rental of $1,600 and $2,000, respectively. The complaint further alleges the performance of the terms of the contract by the plaintiff and a breach of the contract by the defendant, which resulted in damage to the plaintiff. For a second alleged defense to this complaint the defendant avers:

"That at the time of the making of the alleged contract set forth in the complaint, and at all times therein mentioned, the plaintiff was a director of the defendant company, and that therefore the said alleged contract was illegal and cannot be enforced by the plaintiff."

The only fact stated in this alleged defense is that at the time of making the contract upon which the action is brought the plaintiff was a director of the defendant corporation. This fact did not of itself operate to avoid the contract. While contracts between directors and the corporation to which they sustain a fiduciary relation are always the subject of strict scrutiny, and the director will not be allowed to profit at the expense of the corporation, and such contracts may be treated as avoidable, it cannot be said that, regardless of the terms and conditions of such a contract, it is illegal. Barr v. N. Y. L. E. & W. R. R. Co., 125 N. Y. 263, 275, 26 N. E. 145; Welch v. I. & T. N. Bank, 122 N. Y. 177, 25 N. E. 269. In Welch v. I. & T. N. Bank, supra, it is said that:

"It is a general rule that a director, trustee, or an executive officer of a corporation is without power to bind it or its shareholders by a contract authorized by or entered into with himself and for his individual benefit. But if the contract so entered into is in all respects just as between the parties, and all of the shareholders and directors or trustees are competent to assent, and with full knowledge of the terms of the contract do assent and direct that it be made, it is binding on the corporation, and cannot be avoided by its shareholders or by persons who subsequently become its creditors."

Thus the mere fact that the plaintiff was a director of the defendant corporation when the contract was made was not in itself a defense to an action upon the contract.

The further allegation, contained in the second so-called defense, "that therefore the said alleged contract was illegal and cannot be enforced by the plaintiff," was only a legal conclusion, without stating any facts as its basis, or specifying any particulars of the alleged unlawful character of the contract, and the demurrer to it should have been sustained. Knapp v. City of Brooklyn, 97 N. Y. 520; Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Knowles v. City of N. Y., 176 N. Y. 430, 68 N. E. 860.

The third alleged defense avers:

"That the directors of the defendant corporation had no power or authority to make the alleged contract set forth in the complaint."

The averment that the corporation had "no power or authority" to make the contract states no fact, and is a mere conclusion of law, and the demurrer to this so-called defense should have been sustained.

The interlocutory judgment appealed from is reversed, with costs, and the demurrer to the second and third alleged defenses is sustained, with costs, with leave to the defendant to plead over within six days upon payment of costs.