### SAND v. KENNEY MFG. CO.

(Supreme Court, Appellate Term. January 7, 1909.)

1. BROKERS (§ 40*)—COMPENSATION—SERVICES—ACTIONS—DEFENSES.
   It is a good defense to an action for procuring a contract for defendant that the services were rendered without any effort or influence of plaintiff's assignor, and that the agreement relied on by plaintiff was induced by his assignor's fraudulent representations.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 38–40; Dec. Dig. § 40.*]

2. PLEADING (§ 214*)—ADMISSION BY DEMURRER.
   The allegations of a counterclaim must be taken as true on demurrer thereto.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 525; Dec. Dig. § 214.*]

3. SET-OFF AND COUNTERCLAIM (§ 49*)—ASSIGNED CAUSES OF ACTION—ACTION FOR SERVICES—EMPLOYÉ'S NEGLIGENCE.
   In an action by an employé's assignee for services, a counterclaim for loss sustained by the employer through the employé's neglect and unskillful performance of the service is proper.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 107; Dec. Dig. § 49.*]

4. PLEADING (§ 195*)—DEMURRER—SUBJECTS.
   A counterclaim demanding affirmative relief is not demurrable because insufficient in law on its face.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 447; Dec. Dig. § 195.*]

Appeal from City Court of New York, Special Term.

Action by Daniel Sand against the Kenney Manufacturing Company. From an interlocutory judgment sustaining a demurrer to the answer, defendant appeals. Reversed, with leave to withdraw demurrer and reply.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John H. Regan, for appellant.

Charles A. Strauss (Alex L. Strouse and Chas. A. Strauss, of counsel), for respondent.

MacLEAN, J. Answering a complaint, for work, labor, and services, alleging that one Kries, the assignor of the plaintiff, procured for the defendant a contract for plumbing materials for the cadet quarters at Annapolis, for which services the reasonable value, which the defendant agreed to pay, was 5 per cent. on the amount of the contract, the defendant put in: (1) A denial; (2) a defense that he, the defendant, relying upon false and fraudulent representations by Kries, had promised to pay Kries for certain services, the alleged services set forth in the complaint, which services were not in fact rendered by Kries, but had been rendered by another as was known to Kries, but by him deceitfully withheld; and (3) as a counterclaim arising out of the transaction set forth in the complaint and connected with the subject of the action that Kries, doing the plumbing work in the cadet quarters at Annapolis, undertook and agreed to furnish the defendant with proper sketches and diagrams of pipes and fittings to be manufactured by the defendant for use in said building, and further undertook and agreed skillfully and in workmanlike manner to place and adjust material manufactured and furnished by the defendant, and that he did not furnish proper sketches and diagrams, or place and adjust defendant's material in said building in a skillful and workmanlike manner, but so negligently prepared the sketches and diagrams that the material manufactured in accordance therewith was rejected, and so negligently placed and adjusted defendant's material that much of it was broken and rendered useless, to the expense, loss, and damage of the defendant in the sum of $700.

Demurrers to the second defense and to the counterclaim, on the ground that each is insufficient in law upon the face thereof, have been sustained. Upon the liberal construction of pleadings more and more obtaining, the second defense contains a statement of facts, which, if established, will prevent a recovery, for, whether provable under the denial or under these affirmative allegations, the plaintiff cannot succeed on due showing that what he claims as Kries' services were in truth rendered by another without any effort or influence of Kries, and that the agreement, express or implied, upon which he alleges he relies, was induced by Kries' false and fraudulent representations. Similarly as to the counterclaim. Assuming, as it must be on demurrer, that, in the transaction in which the plaintiff claims his assignor was employed, his assignor so negligently and unskillfully performed what he had undertaken and agreed to render and do, upon the promise of payment implied or express alleged in the complaint, as to bringing loss to his employer, the plaintiff, who claims the benefits of the transaction, must accept likewise its obligations and burdens. Moreover, inasmuch as affirmative relief is demanded in the counterclaim, it is not open to a demurrer on the ground that it is insufficient in law upon the face thereof. Isabell-Porter Co. v. Heineman, 113 App. Div. 79, 98 N. Y. Supp. 1018.

Judgment reversed, with costs to the appellant, with leave to the plaintiff to withdraw the demurrer and reply to the defendant's counterclaim within six days upon the payment of costs in this court and the court below.

GILDERSLEEVE, P. J., concurs.  SEABURY, J., concurs in result.