## TODD v. PRATT.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

1. INDEMNITY (§ 11*)—ACTIONS FOR BREACH—NECESSITY OF INJURY.

The owner of bonds secured by a mortgage, which was being foreclosed, agreed with plaintiff, who had contracted with the mortgagor to purchase a part of the property, that if she would discontinue her action for specific performance, in order to expedite the foreclosure, he would protect her from loss by reason of such discontinuance. The action was discontinued, the property purchased at the foreclosure sale by the bond owner, and sold by him to other parties. It appeared that plaintiff's contract was subsequent to the mortgage. *Held,* that plaintiff was not entitled to recover anything from the bond owner, since she suffered no loss by reason of the discontinuance of her action.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 21-25; Dec. Dig. § 11;* Bonds, Cent. Dig. § 239.]

2. PLEADING (§ 8*)—FACTS OR CONCLUSIONS.

An allegation that, under the provisions of a trust deed, the grantor had authority to contract for the sale of land covered by the deed, is a conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12-28½; Dec. Dig. § 8.*]

3. EQUITY (§ 11*)—CONFIDENTIAL RELATIONS—PRESUMPTIONS.

Equity will not presume a relation of trust and confidence in order to exercise its jurisdiction to relieve against fraud.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 21, 23, 24; Dec. Dig. § 11.*]

4. FRAUDS, STATUTE OF (§ 129*)—PART PERFORMANCE.

Defendant orally agreed that, if plaintiff would discontinue an action for specific performance, he would purchase the land involved at foreclosure sale and convey it to plaintiff. Plaintiff discontinued the action, and defendant purchased the land, but conveyed it to other parties. *Held,* that the discontinuance of the action was not sufficient part per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

formance to take the agreement out of the statute of frauds; it appearing that the prosecution of her action would have been futile, and it not appearing that she would not have discontinued irrespective of the agreement.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

5. CONTRACTS (§ 136*)—WHAT CONSTITUTES.

The breach of a void agreement is not a fraud in law.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 681–700; Dec. Dig. § 136.*]

6. FRAUDS, STATUTE OF (§ 129*)—PART PERFORMANCE.

The acts of part performance which will take an oral agreement out of the statute of frauds must be unequivocally referable to such agreement.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Jean Benton Todd against Frederick B. Pratt. From a judgment of dismissal and from an order directing judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

F. J. Gardenhire, for appellant.
W. Cleveland Runyon, for respondent.

MILLER, J. In a nutshell, the case is this: The plaintiff made a contract to purchase 3½ acres of a tract of land upon which there was a prior mortgage to secure bonds owned by the defendant. She brought an action to enforce specific performance of her contract, and filed a lis pendens. The trustee brought an action to foreclose the mortgage, making the plaintiff a party defendant. To hasten the foreclosure proceedings, the defendant requested the plaintiff to discontinue her action and cancel the lis pendens, and the plaintiff says that she did that in consideration of certain promises made by the defendant, which were evidently so indefinite·in the plaintiff's mind that in her complaint she expressed them in vague fashion as follows:

"That he, Pratt, when he became possessed of said property, would do with said plaintiff, Jean Benton Todd, upon his part, everything that the officers and agents of the Indian Kettles Park Association, corporation, had agreed to do with her, with reference to said tract of approximately 3½ acres of land, which was that, when Pratt should have the title to said property, he would carry out with said plaintiff the contract in writing existing between this plaintiff, Jean Benton Todd, and said Indian Kettles Park Association, to wit, to make title in said plaintiff of said approximately 3½ acres of land on the lake front of Lake George, as aforesaid, which contract was the subject-matter of plaintiff's suit so mentioned in paragraph 1 herein; and said Pratt at said time contracted and agreed that, when he should have acquired the title to said Indian Kettles Park Association property aforesaid, he would protect in the plaintiff herein, Jean Benton Todd, her interest in said approximately 3½ acres of lake front land as fully as she had an interest therein, and as fully as it could be protected by said action which this plaintiff had brought, and which said Pratt desired discontinued, contracting and agreeing with said Jean Benton Todd that if she would dismiss her said ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, as aforesaid, and withdraw her said notice of lis pendens, that he, the said Pratt, would see to it that she, the said Jean Benton Todd, should lose nothing of value by reason of such action on her part."

The defendant purchased the tract at the foreclosure sale and sold the 3½ acres, which the plaintiff had contracted to purchase, to other parties, and the plaintiff brings this action to recover damages for breach of contract, the particular damage alleged in the complaint being, not the loss of her bargain, but injury to other property to which she intended to annex the 3½ acres. The defendant pleads the statute of frauds. In her reply the plaintiff admits that the contract sued on was not in writing, and so the question is presented on this motion for judgment on the pleadings whether the defendant can successfully invoke the statute of frauds as a defense. Seamans v. Barentsen, 180 N. Y. 333, 73 N. E. 42, 105 Am. St. Rep. 759.

To reduce the vague averments of the complaint to precise terms and to state them most favorably to the plaintiff, the defendant's promise was (1) upon the purchase at the foreclosure sale to convey to the plaintiff the 3½ acres which she had contracted to purchase; (2) to save her harmless from loss by reason of the discontinuance of her action for specific performance.

[1] Considering those promises in the inverse order, it is plain that the complaint fails to allege that the plaintiff suffered any loss. Her contract was subject to the prior mortgage, and, of course, was extinguished by the foreclosure of that mortgage. By her consent the foreclosure action was expedited. Thereby she enabled that to be done speedily which, in any event, would have ultimately been accomplished.

[2] She alleged in her complaint that the corporation with which she contracted "had full authority to contract for the sale of said 3½ acres by reason of provisions relating thereto in the trust deed, or instrument expressive of said lien"; but obviously that is a mere conclusion of law. The provisions of the trust deed or mortgage, referred to, are nowhere stated, and, of course, it is impossible to determine their legal effect without knowing what they were. According to her complaint, the plaintiff's relation to the mortgage was that of a subsequent vendee. She therefore fails to show that she lost anything by the discontinuance of her action and the canceling of the lis pendens filed therein.

Plainly, the promise to convey the 3½ acres, when purchased, was void for not being in writing, and the question arises whether there is any element in the case to take it out of the rule of the statute of frauds. All of the cases cited by my Brother McLAUGHLIN, except Riggles v. Erney, 154 U. S. 244, 14 Sup. Ct. 1083, 38 L. Ed. 976, involved the element of abuse of a position of confidence and trust, the familiar case for treating the wrongdoer as a trustee ex maleficio. It certainly cannot be claimed that there was any confidential relation between the parties in this case, or that the defendant undertook as agent for the plaintiff to purchase at the sale, and thereby to induce her to stay away or to refrain from bidding, as was the case in Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696.

[3] While equity is quick to circumvent that species of fraud which consists in the abuse of a relation of trust and confidence, it will not presume such a relation to have existed for the sake of exercising its extraordinary remedial jurisdiction.

[4] There being, then, no question of the abuse of a confidential relation, the plaintiff must succeed, if at all, on the theory of part performance. It is undoubtedly the rule that, where one party, relying upon a promise of the other, has so far performed that he cannot be restored to his former position and will suffer damage, the breach of the promise is treated as a species of fraud from the consequences of which the courts will relieve the party who has thus wholly or partly performed. But the difficulty in applying that rule to this case is that the plaintiff has suffered no damage. She merely made it possible for a judgment foreclosing her interest to be entered sooner than it otherwise could have been entered. Merely saying that the courts will not suffer the statute of frauds to be made an instrument of fraud determines nothing.

[5] It must always be remembered that the breach of a void agreement is not a fraud in law. Levy v. Brush, 45 N. Y. 589; Wheeler v. Reynolds, 66 N. Y. 227.

[6] The acts of part performance which will take a case out of the statute of frauds must be unequivocally referable to the agreement of which they are a part execution. Wheeler v. Reynolds, supra; Cronkhite v. Cronkhite, 94 N. Y. 323. The act of part performance in this case was the discontinuance of an action which it was futile to prosecute. For aught that appears, the plaintiff, if well advised, would have discontinued her action anyhow, when the foreclosure action was begun. How can it be said, then, that her act in its object and design plainly refers to the alleged agreement? She must fail, then, on the theory of part performance both because she has suffered no damage and because the act of part performance relied upon is not unequivocally referable to the alleged void agreement.

The judgment and order should be affirmed, with costs.

INGRAHAM, P. J., and LAUGHLIN and DOWLING, JJ., concur.

McLAUGHLIN, J. (dissenting). In determining whether the court erred in directing judgment on the pleadings dismissing the complaint every material fact alleged therein, as well as all inferences that can reasonably and fairly be drawn therefrom, must be accepted as true. If the facts stated in the complaint show that the plaintiff is entitled to any relief, either legal or equitable (Wetmore v. Porter, 92 N. Y. 76; Hotel Register Co. v. Obborne, 84 App. Div. 307, 82 N. Y. Supp. 609; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890), then the judgment and order appealed from should be reversed.

Turning to the complaint, it will be found that the plaintiff alleges, in substance, that the Indian Kettles Park Association, a domestic corporation, owned a tract of land on the shores of Lake George, 3½ acres of which it had contracted in writing to sell to the plaintiff;

that prior to the time this contract was entered into the Kettles Park Association had executed to the Standard Trust Company of New York a mortgage upon the entire tract to secure the payment of an issue of bonds, such mortgage, however, containing provisions which enabled the association to contract with the plaintiff; that the plaintiff, having performed said contract upon her part, commenced an action in the Supreme Court of the state of New York to compel the association to carry out the contract on its part by giving her a deed, and in that action the Standard Trust Company was a party defendant; that she had also filed in the proper clerk's office a notice of the pendency of the action; that at or about the same time her action was commenced the Standard Trust Company commenced an action in the Supreme Court to foreclose its mortgage, and she was made a defendant; that the defendant in this action owned substantially all of the bonds, payment of which the mortgage was given to secure, and for that reason desired the foreclosure action should be speedily terminated by a judgment of foreclosure and sale, which could not take place so as to give good title to the land claimed by this plaintiff until after her action had been disposed of; that to obviate the delay he entered into an oral agreement with her that, if she would discontinue her action and cancel the lis pendens, he would, at the foreclosure sale, purchase the land covered by the mortgage, and then carry out the contract which the association had made with her by conveying the 3½ acres therein mentioned; that he would protect her interest as fully as it could be protected in such action, and, if she would do as he requested, he would see to it that she "should lose nothing of value by reason of such action on her part"; that the plaintiff fully performed this agreement on her part, and thereupon the foreclosure action proceeded to a judgment under which a sale took place, at which this defendant became the purchaser of the entire tract; that he then refused to carry out his agreement with the plaintiff, and put it out of his power to perform by conveying the 3½ acres to another party. The complaint further alleges that the plaintiff owns land adjacent to the 3½ acres, upon which is a valuable residence; that the 3½ acres lie between her property and the shores of Lake George, is the only convenient means of access to the lake, and for that reason would add materially to the value of her property by giving her a large frontage on the lake; that defendant's failure to carry out his agreement has caused her damage to the amount of $20,000, for which sum judgment is demanded.

But it is said, notwithstanding all of the foregoing facts are admitted to be true, nevertheless the court is powerless to aid the plaintiff; in other words, because her contract with the defendant was not in writing, the statute of frauds is a bar to a recovery upon her part. I cannot concur in this view. The statute was designed to prevent frauds, not to perpetrate them. It was settled nearly 50 years ago that the courts would not permit a party to make a fraudulent use of the statute of frauds (Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696), and since that time at least the courts have not hesitated in any case where it clearly appeared that a party was seeking to shield him-

self behind the statute for the purpose of perpetrating a fraud upon another, thereby causing him damage, to interfere and prevent such use (Canda v. Totten, 157 N. Y. 281, 51 N. E. 989; Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640; Congregation Kehal Adath v. Universal B. & C. Co., 134 App. Div. 368, 119 N. Y. Supp. 72; Gallagher v. Gallagher, 135 App. Div. 457, 120 N. Y. Supp. 18, affirmed 202 N. Y. 572, 96 N. E. 1115). I understand the rule to be that if the parole agreement be clearly and satisfactorily proven, and one party, relying upon it and the promise of the other to perform on his part, has either partially or fully performed, and by reason thereof cannot be restored to his former position, and will suffer damage, the other party will be required to perform or respond in damages. Riggles v. Erney, 154 U. S. 244, 14 Sup. Ct. 1083, 38 L. Ed. 976.

Here, the plaintiff has fully performed. She discontinued her action against the Indian Kettles Park Association and thereby lost whatever right she had to enforce her contract, either against it or the trust company. The value of such contract was thereby destroyed. The discontinuance of the action and the canceling of the lis pendens was a good and sufficient consideration for the defendant's agreement, and, if able to do so, he should be required to specifically perform. This, however, according to the allegations of the complaint, he is unable to do by reason of his conveyance of the land in question to another party. Having put it out of his power to perform by conveying the 3½ acres to her, he should, in lieu thereof, pay the damages she has sustained by reason of his failure.

For these reasons, I am unable to concur in the prevailing opinion, and vote to reverse the judgment and order appealed from.