### TUOMEY v. WALSH et al.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. PLEADING (§ 193*)—SUFFICIENCY OF COMPLAINT.
    If the facts alleged in the complaint show plaintiff to be entitled to any relief, whether that asked or not, it is not demurrable.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

2. FRAUD (§ 47*)—ACTIONS—SUFFICIENCY OF COMPLAINT.
    The complaint alleged that the parties agreed to purchase certain letters patent, each advancing one-half of the price, and that defendants represented to plaintiff that the lowest amount for which it could be purchased was $3,000, and plaintiff, relying upon such representation, made the contract and advanced $1,500; that the patent was thereafter assigned to the parties for a purported consideration of $3,000, but that the price in fact was not $3,000 but only $2,000, of which defendants advanced only $500; that the patent was assigned to a corporation organized, which issued 30 shares of stock, 15 of which were assigned to plaintiff and 15 to defendants, and that, by reason of the false representations made to plaintiff, defendants received 7½ shares to which they were not entitled, and that plaintiff subsequently purchased the 15 shares issued to defendants for $3,000; that the corporation paid profits to defendants on the 7½ shares amounting to $1,500, and, by reason of such facts, plaintiff claims to have been damaged to the amount of $1,500 which he paid for the 7½ shares, and also in the same sum by profits received on such shares by defendants, and judgment was demanded for $3,000. Held that, while plaintiff was not entitled to the relief demanded, the complaint did allege a cause of action for $500, one-half of the difference between $3,000, which defendants falsely represented to him to be the purchase price, and the $2,000 actually paid.
    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

    Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Thomas J. Tuomey against John J. Walsh and another. From an order granting a motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William R. Hill, of New York City, for appellant.

Francis A. O'Neill, of New York City, for respondents.

McLAUGHLIN, J. Issue having been joined in this action, defendants moved for judgment on the pleadings on the ground that the complaint did not state facts sufficient to constitute a cause of action. Section 547 of the Code of Civil Procedure. The motion was granted, and plaintiff appeals.

[1] If the facts stated in the complaint show that the plaintiff is entitled to any relief (Wetmore v. Porter, 92 N. Y. 76; Hotel Register Co. v. Osborne, 84 App. Div. 307, 82 N. Y. Supp. 609; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890), then it is not demurrable, and the order granting the motion for judgment on the pleadings is erroenous. The action is brought to recover damages for fraud and deceit.

[2] The complaint alleges in substance that the parties entered into an agreement by which they were to purchase an assignment of certain letters patent, the plaintiff to advance one-half of the purchase price and each of the defendants one-quarter; that the defendants represented to the plaintiff the lowest amount for which the patents could be purchased was $3,000, and he, relying upon this representation, entered into the agreement and advanced $1,500; that the patent was thereafter assigned to the plaintiff and defendants, the consideration mentioned being $3,000. The complaint further alleges that the purchase price was not $3,000, but in fact only $2,000, of which the defendants advanced only $500; that, after the letters patent were purchased, a corporation was formed, under the laws of the state of New York, and the same assigned to it; that such letters constituted its sole assets, for which 30 shares of stock of $100 each were issued, 15 to the plaintiff and 15 to the defendants; that, by reason of the false representation made to the plaintiff, the defendants received 7½ shares to which they were not entitled; that, subsequent to the issuing of the stock, plaintiff purchased the 15 shares issued to the defendants and paid them $3,000 therefor; that the reasonable value of the stock was $200 per share; that the corporation paid profits to defendants on the 7½ shares during the time they held the same, amounting to $1,500; that, by reason of these facts, plaintiff claims to have been damaged to the amount of $1,500 (the amount which he paid for the 7½ shares), and also $1,500 (profits received by defendants on said shares), and judgment is demanded for $3,000 and interest.

Upon these facts I am of the opinion plaintiff is not entitled to the relief demanded. The corporation was regularly formed, and plaintiff's interest therein was precisely what he supposed it would be at

the time of the organization. He received his 15 shares and alleges that the same were worth at least $200 per share. If he were damaged at all by reason of the representations alleged, it was not by reason of the formation of the corporation and the issuance of the stock, or payments of profit thereon, but by the agreement to purchase the letters patent. He agreed to pay one-half of the purchase price, but by reason of the false representations of the defendants, upon which he relied, believing he was only paying one-half, he paid three-quarters. They falsely stated to him that the purchase price was $3,000, when in truth and fact it was only $2,000. He advanced $1,500, when he should only have advanced $1,000. He was therefore damaged to the amount of $500, and, while the appellant expressly states in the brief presented that the action is not brought to recover the $500, nevertheless, applying the rule above alluded to, I think the complaint states a cause of action to that extent, and for that reason the order appealed from is reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs.

LAUGHLIN, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). The plaintiff brought this action to recover a judgment for the damages sustained by the defendants' false and fraudulent misrepresentations, and insisted at the Special Term and at this court that the action was for fraud and deceit. It is alleged that the fraud induced the plaintiff to enter into a contract, dated the 1st day of February, 1911, for a joint adventure or partnership to purchase certain letters patent, by the terms of which the plaintiff agreed to pay one-half of the amount to be paid to McClintock, and the defendants were each to pay one-quarter of said amount. It is then alleged that the defendants represented to the plaintiff that the amount of money necessary to purchase said assignment was the sum of $3,000, and that this was the smallest amount that McClintock would accept for such assignment; that the plaintiff, relying on such representations, entered into an agreement between the parties to this action and McClintock in and by which it was agreed to purchase such patent from McClintock for the sum of $3,000, and the plaintiff paid $1,500 towards the purchase price of said patent; that said representations were false in that the real price paid to McClintock for said patent was $2,000 and not $3,000; that, instead of the defendants paying $1,500 towards the purchase price of said patent, they paid the sum of $500; and that by reason of said false representation the plaintiff paid 75 per cent. of the purchase price instead of 50 per cent. which he agreed to pay pursuant to the terms of the agreement, and the defendants each paid 25 per cent. instead of 50 per cent.

These are the only allegations which give to the plaintiff any cause of action. Any other cause of action which could be spelled out of this complaint would be in favor of the corporation. It seems to me that the complaint fails to state the essential facts necessary to establish an action for fraud. There is no allegation that the defendant knew that the representations, when they were made, were false; that

they were made with intent to deceive; that they did deceive; that the plaintiff would not have put up his $1,500 for one-half of the patent, or one-half of the stock of a corporation after it was organized, if he had known of the facts, or that he was in any way damaged by reason of this representation. I can find no allegation to show that the representations were false when made. There was no representation that defendants had paid McClintock $3,000. There was no allegation that the patents were not worth $3,000, that the plaintiff sustained any damage by reason of his purchase, and no allegation that I can find to justify an action to recover damages for false representations.

I think the order appealed from should be affirmed.