particular point of pleading is indicated by the diversity of decisions and the conflict of views. In 8 Enc. of Pleading & Practice, 846, it is said:

"In some jurisdictions it is held that the imprisonment complained of need not be alleged to have been unlawful or without competent authority and that the allegation of imprisonment, coupled with an averment of damages, constitutes a cause of action for false imprisonment. On the other hand, it is held by other decisions that the failure to allege that the imprisonment was unlawful is a fatal defect."

[3] I am of the opinion, however, that the true weight of authority in this state and the better rule of pleading are set forth in the statement above quoted from Cousins v. Swords, 14 App. Div. 340, 43 N. Y. Supp. 907, from which it appears that the plaintiff in such a case should allege the facts from which it will appear that his arrest was illegal, and that an averment merely that his arrest was illegal is an averment of law and insufficient. Such, too, is the form of pleading recommended in Abbott's Forms of Pleading (volume 2, p. 928), where the following is found:

"That the said order of arrest was illegal in that the said court had no jurisdiction to grant the same (or otherwise set forth facts showing the invalidity of the order)."

Proceeding on the theory, therefore, that the complaint does adequately aver that the evidence before the magistrate upon which the warrant was issued was insufficient to support a charge of petit larceny, there can be no doubt that the magistrate was without jurisdiction to issue the warrant and that the imprisonment was illegal. People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309; Maher v. Potter, 112 N. Y. Supp. 102.

The plaintiff's motion for judgment on the pleadings is therefore granted, with $10 costs, but with leave to the demurring defendant to withdraw his demurrer and to answer within 20 days upon payment of such costs. Settle order on notice.

---

(93 Misc. Rep. 364)

JESSE L. LASKY FEATURE PLAY CO., Inc., v. FOX et al.

(Supreme Court, Special Term, New York County. January 24, 1916.)

1. INJUNCTION ⬗63—BREACH OF CONTRACT—DEFENSES—NONPERFORMANCE OF CONTRACT.

In an action to enjoin defendant from advertising or producing moving pictures posed by an actress under contract with plaintiff, and induced to enter into a contract with defendant by his false representations that her contract with plaintiff was unenforceable for want of mutuality and that plaintiff did not intend to perform it, defendant could not raise the question of its want of mutuality, at least so long as the actress elected to recognize it as a binding obligation, or until she made such election voluntarily, as distinguished from an election induced by illegal acts on the part of the defendant.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. ⬗63.]

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MASTER AND SERVANT ⬤➡339—WRONGFUL INTERFERENCE WITH CONTRACT—
REMEDY.

A third party's interference with a contract of service gives rise only to the remedies existing in the case of other contracts, the parties to which have assumed mutual obligations, and for inducing the termination of other breach of such a contract he is liable only when guilty of unlawful means.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1283; Dec. Dig. ⬤➡339.]

3. INJUNCTION ⬤➡63—BREACH OF CONTRACT—MOTION PICTURE PLAY—ADEQUATE REMEDY AT LAW.

Where an actress contracted her services in a proposed motion picture play to be produced and staged by plaintiff, such services to cover about four weeks, for which she was to receive $5,000, $500 of which was paid down, and agreed not to sign for a motion picture with any other company before such service, and before such time was induced to agree to perform similar services for defendant on his false representations that plaintiff was not making the necessary preparations to fulfill his contract, there was a fraud as unlawful as if force or coercion was used, and, where her services were so unique, extraordinary, or peculiar as to make plaintiff's remedy by action at law for breach of the contract, inadequate, he was entitled to enjoin defendant from producing any picture in which she appeared, and from advertising that she would appear in any play except plaintiff's.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. ⬤➡63.]

4. PLEADING ⬤➡193—SUFFICIENCY OF COMPLAINT.

If the facts alleged in a complaint seeking equitable relief by injunction state a cause of action at law, the complaint is good against demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. ⬤➡193.]

Action by Jesse L. Lasky Feature Play Company, Incorporated, against William Fox, the William Fox Vaudeville Company, and Valeska Suratt. On motion by plaintiff for judgment on demurrer filed by defendant William Fox Vaudeville Company. Granted, with leave to answer.

See, also, 154 N. Y. Supp. 974.

Wise & Lichtenstein, of New York City (Nathan Burkan, of New York City, of counsel), for plaintiff.

Rogers & Rogers, of New York City, for defendants.

HOTCHKISS, J. Defendant demurs to the complaint, and plaintiff moves for judgment. Briefly the facts are that plaintiff is a producer of motion picture plays. One Suratt is a popular actress of unusual and unique skill, who, before contracting with plaintiff, had never posed for motion pictures. The privilege to be the first to exploit such an actress in motion pictures lends an additional value to the contract. In October, 1914, Suratt contracted with plaintiff for her services in a proposed motion picture play to be staged and produced by plaintiff, such services to cover a period of about four weeks, beginning on or about June 15, 1915, for which she was to receive the lump sum of $5,000, of which $500 was paid down. In consideration of her employment Suratt agreed "not to sign for a motion picture with any other picture company prior to June 15, 1916." For

the purpose of utilizing Suratt's services plaintiff arranged to produce a play and incurred large expense in that behalf. In March, 1915, Suratt agreed with defendant to perform for it services similar to those contracted to be performed for plaintiff, which services were to begin in April, 1915. Suratt was induced to enter into this latter contract because defendant falsely represented to her (1) plaintiff's contract was void and not binding upon her; (2) that plaintiff was not preparing the necessary preliminaries for the production of any play which would employ Suratt's services, and that plaintiff did not intend to perform its agreement with her; (3) that such failure on plaintiff's part to prepare released Suratt from her obligation to plaintiff. Subsequently Suratt proceeded to fulfill her contract with defendant; but, discovering the fraud which had been perpetrated upon her, she recognized her obligation to the plaintiff, and is now engaged in performing her contract with it. Defendant is about to produce the play for which Suratt posed while performing her contract with defendant, all to plaintiff's damage, etc. For relief plaintiff prays that (1) defendant be restrained from producing "any" picture play in which Suratt appears; (2) from advertising that Suratt "will appear" in any play save plaintiff's; (3) for accounting and general relief.

[1] Whether or not plaintiff's demands for relief are not too broad is not necessary to determine. The question is whether the complaint states a cause of action. Whether the contract between Suratt and the plaintiff was or was not enforceable for want of mutuality is not a question which can be raised by this defendant. At most the contract was voidable, and so long as Suratt elected to recognize it as a binding obligation it is none of defendant's business that she might have elected not to perform it. At least, until she made such an election voluntarily, as distinguished from an election induced by illegal acts on defendant's part, the question of mutuality is one defendant cannot raise. Rice v. Manley, 66 N. Y. 82, 23 Am. Rep. 30.

[2] Even in the case of the class of servants covered by the Statute of Laborers the decision in Lumley v. Gye, 2 El. & Bl. 246, has not been accepted in this state. De Jong v. Behrman Co., 148 App. Div. 37, 39, 131 N. Y. Supp. 1083; Rogers v. Evarts, 17 N. Y. Supp. 264, affirmed sub nom. Reynolds v. Everett, 67 Hun, 294, 22 N. Y. Supp. 306; Id., 144 N. Y. 189, 39 N. E. 72. In this jurisdiction interference by a stranger with a contract of service by any class of employés gives rise only to such remedies as exist under like circumstances in the case of other contracts the parties to which have assumed mutual obligations. For inducing the termination or other breach of such a contract a third party is liable only when he has been guilty of unlawful means. De Jong v. Behrman Co., supra; Ashley v. Dixon, 48 N. Y. 430.

[3] Defendant contends that the only act for which a third party can be made responsible is such as arises where the defendant has induced the breach by physical violence, intimidation, or threats amounting to coercion, and that the allegations of the complaint are insufficient. Whether the allegations that Suratt was induced to vio-

late her contract with plaintiff because of defendant's representation that the same was void and not binding I do not determine. The further allegation that defendant represented that plaintiff was not making the necessary preparations to fulfill its contract and did not intend to fulfill the same is an allegation of material facts which, if false, constituted actual fraud. Although the question has commonly arisen in cases where the circumstances involved intimidation, threats, or other coercion, the principle deducible from the authorities is that a stranger is not liable when he induces the breach of contract by argument and persuasion, because these—the motive being proper—are lawful means. But where the breach is induced by false representations of material facts, or other fraud, the means are as unlawful as if force or coercion were used. Rice v. Manley; Ashley v. Dixon, supra. The gist of the wrong lies in overpowering or circumventing the freedom of will and the intent of one obligated to perform, as distinguished from procuring him by fair means to elect not to perform.

[4] The contract between plaintiff and Suratt gave the plaintiff the exclusive right to the services of Suratt until June 15, 1916. Ordinarily plaintiff's remedy would be one at law for damages. But the remedy at law must in such cases be adequate, and it is upon this ground of inadequacy that equity assumes jurisdiction to enforce negative covenants in actions involving personal services; the inadequacy in such cases commonly consisting of the unique and peculiar character of the services to be rendered, and the inability to substitute the services of others. In this case the complaint shows that the services of Suratt were exceptional and unique. It would seem to follow that the photographic product of her services would be similarly unique. This fact, together with the other allegations, show the existence of exceptional circumstances rendering plaintiff's legal remedy inadequate. The foregoing treats the complaint as one for equitable relief only, but as against demurrer it is good if it states a cause of action at law. Tuomey v. Walsh, 160 App. Div. 795, 145 N. Y. Supp. 722. That such a cause of action is stated is scarcely open to argument.

Motion granted, with $10 costs, and with leave to answer, etc.