Benjamin Brenner, J.
The individual defendants seek to dismiss each of the causes of action of the amended complaint on the ground that insufficient facts are alleged to constitute a cause of action as to them. In a companion motion, the defendant Bacon Electric Co. moves to strike pursuant to rule 103 of the Buies of Civil Practice, certain paragraphs on the ground that they are immaterial, unnecessary and irrelevant.
The complaint consists of 73 causes of action. The first 72 causes will be treated as one cause of action since they all follow one pattern and incorporate in causes “ Second ” through “ Seventy-second ” the key allegations of the first cause. The action is brought against the individual defendants and a creditor-defendant to recover allegedly invalid preferential payments made to the creditor-defendant under section 15 of the Stock Corporation Law.
*868 Section 15 of the Stock Corporation Law, as far as pertinent, provides: ‘ ‘ Every director or officer of a corporation who shall be concerned in the making of any conveyance, assignment, transfer or payment * * * by such corporation when it is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any other creditors of the corporation * * * shall be personally liable to the creditors and stockholders of the corporation of which he shall be a director or an officer
The original complaint herein was dismissed by this court on the ground that it was legally insufficient, as a pleading of legal conclusions.
The plaintiff pleads in his amended complaint: “5. Upon information and belief, that all times hereinafter mentioned, the defendants * * * were the officers, stockholders and directors of the bankrupt, Sturdycraft, Inc. who had authorized the assignments and payments to Bacon and other creditor defendants when the bankrupt was insolvent or its insolvency was imminent.”
The individual defendants assert that the plaintiff again pleads in said paragraph a conclusion of law.
A determination whether an allegation is a conclusion of law or an averment of fact depends upon the nature of the cause in which it is made. (See Auerbach v. Commercial Capital Corp., 71 N. Y. S. 2d. 470.) Thus, in Bryce v. Louisville, New Albany & Chicago Ry. Co. (73 Hun 233), an allegation that a guaranty was made by the defendant, having authority so to do, for value received, under the direction of its board of directors, was held to be an allegation of fact and not a conclusion of law. But in Dache v. Abraham & Strauss (271 App. Div. 895) it was held that allegations of authority contained in the defenses were conclusions of law and in Todd v. Pratt (149 App. Div. 459, 462, affd. 210 N. Y. 575) an allegation that the corporation with which plaintiff contracted ‘ ‘ had full authority to contract for the sale * * * by reason of provisions relating thereto in the trust deed ” was held to be a conclusion of law. Similarly, in Vonnoh v. Sixty-Seventh St. Atelier Bldg. (55 Misc. 222, 224) an allegation ‘ ‘ That the directors of the defendant corporation had no power or authoritiy to make the alleged contract ” was held to be a conclusion of law.
Extensive research has failed to reveal any reported decisions wherein the word “ authorized ” has been employed in the manner pleaded herein. However, in Pollitz v. Wabash R. R. Co. (207 N. Y. 113) the word “ ratified ” was applied in similar manner. The Court of Appeals, answering the objectant’s *869 assertion that “ to say merely that a person has ratified is to allege a general conclusion which the pleader draws from undisclosed facts or inferences”, said (p. 131) ‘ ‘ Ratification is a conclusion of fact and not a conclusion of law. The evidence or the facts establishing a fact entering into a cause of action or a defense need not be pleaded.” Considering the entire complaint, it is my opinion that the allegation that the defendants were the oficers who authorized the assignments when the bankrupt was insolvent is an averment of ultimate fact adduced by natural reasoning from details of fact known to the pleader to have an existence.
The 73rd cause of action seeks to impose liability upon the individual defendants for waste in suffering the bankrupt corporation to make payments in the form of costs, interest and marshal’s fees which could have been avoided. In substance, it alleges that more than 70 separate actions were instituted by creditors of the corporation against it and that in practically all of them the corporation had no defense; that the actions were brought because the corporation could not pay the creditors; that as a result the corporation had to pay approximately $4,500 in statutory costs, interest and marshal’s fees; that this constituted waste; that the individual defendants participated in, authorized, caused, permitted, suffered, approved, ratified, confirmed and consented to the payments ’ ’ knowing that the corporation had no defense to the actions.
Is this an allegation of any legal wrong? How could the individual defendants have avoided the payments of costs, interest and marshal’s fees if, as plaintiff says in paragraph 621st of the amended complaint, that ‘ ‘ the only reason the aforesaid actions were brought against the bankrupt corporation was because the bankrupt corporation was unable to pay the monies due said creditors ”? Perhaps the pleader, in this respect, relies on paragraph 631st of the complaint where it is alleged that the individual defendants ‘ ‘ failed to use their best efforts to see to it that the assets of the corporation were not wasted.” But such allegation is a conclusion of law. “ General allegations of wrongdoing based upon undisclosed facts do not state a cause of action.” (Gerdes v. Reynolds, 281 N. Y. 180.)
Accordingly, the motion is denied as to the first 72 causes of action and granted as to the 73rd cause, with leave to replead such second cause within 10 days after the service of the order to be entered herein.
The companion motion to strike is denied. Settle order on notice.