### DE JONG v. B. G. BEHRMAN CO. et al.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. PLEADING (§ 80*)—PARTIAL DEFENSE.

 Where plaintiff sued defendant for inducing plaintiff's employés to break their contracts of employment, particularly one P., a separate defense, alleging that, before P. was employed, she voluntarily left plaintiff's employ and entered into a contract with defendant three days earlier than the date on which she was alleged to have contracted with plaintiff, while good as a partial defense, having been pleaded as a complete defense, was insufficient if the complaint stated a cause of action based on the enticement of plaintiff's other employés.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

2. MASTER AND SERVANT (§ 339*)—EMPLOYÉS—ENTICEMENT.

 Defendant, a business rival of plaintiff, was not liable for inducing plaintiff's employés to break their employment contracts with plaintiff and accept employment from defendant, unless defendant was guilty of some wrongdoing amounting to a tort whereby he deprived plaintiff of the services of his employés, to wit, by inducing them to break their contracts by fraudulent or wrongful means.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1283; Dec. Dig. § 339.*]

3. PLEADING (§ 8*)—COMPLAINT—CONCLUSIONS.

 Allegations in a complaint for damages for inducing plaintiff's employés to break their contracts of employment that defendant's acts were done "wrongfully and maliciously" were no more than the pleader's conclusions from facts not set out, and therefore insufficient allegations that the means used were either wrongful or malicious.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

Appeal from Special Term, New York County.

Action by Jacob De Jong against B. G. Behrman Company and others. From an interlocutory judgment overruling demurrers to a separate defense, plaintiff appeals. Affirmed.

See, also, 131 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

William H. Chorosh, for appellant.

Arnold Lichtig, for respondents.

SCOTT, J.   Appeal from interlocutory judgment overruling demurrer to a separate defense.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action is for damages for inducing plaintiff's employés, and especially one Suzanne Partridge, to break their contracts with plaintiff. The parties are business rivals.

[1] The complaint alleged that plaintiff had had in his employ for some years an expert superintendent named Suzanne Partridge; that on January 5, 1911, plaintiff entered into a contract with said Partridge to remain in his employ for one year from January 1, 1911, to December 31, 1911; that defendants, knowing this fact, wrongfully and maliciously, with the intent and for the purpose of injuring plaintiff in his business, wrongfully and maliciously induced said Partridge to break her agreement with plaintiff, and leave his employ and to enter the employ of said Behrman Company. It is also alleged:

"That the said defendants and each of them, following the acts heretofore, hereinbefore complained of did, thereafter and before the commencement of this action, wrongfully and maliciously entice various employés of the plaintiff to leave the employ of plaintiff, and induced such employés to break their agreement with the plaintiff for the hire of their services, which acts were committed against the will of the plaintiff and without his consent, the defendants and each of them well knowing that it was necessary and essential for the plaintiff in the conduct of his business to retain and keep such employés."

There is also an allegation that defendants "wrongfully and surreptitiously" obtained samples and designs of plaintiff's work for the purpose of copying them, but, as this allegation obviously states no separate and independent cause of action, it may be disregarded. The gravamen of the complaint is that defendants enticed away plaintiff's servants, thereby causing them to break their contracts with plaintiff.

The separate defense, to which the demurrer was interposed, alleges that prior to December 31, 1910, Suzanne Partridge voluntarily left plaintiff's employ, and thereafter, and on January 2, 1911, entered into a contract for her services with defendant company. As the date of this alleged employment was three days earlier than that of the contract alleged to have been made with plaintiff, the separate defense is good in so far as the complaint is founded upon the enticing away of Suzanne Partridge. But it offers no defense to so much of plaintiff's pleaded cause of action as relates to the enticing away of other employés, and as the separate defense is pleaded as a complete one, and not as a partial one, it is insufficient if the complaint states a cause of action, based on the enticing away of the other employés.

[2] This brings us to the question whether or not this action will lie for damages for inducing a servant to break his contract for services with his master. This is a question which has been widely discussed, and upon which there has been much difference of opinion, but, strangely enough, it has seldom arisen in this state so far as appears from the reported cases. The plaintiff relies upon the well-known and often cited case of Lumley v. Gyes, 2 El. & Bl. 246. In that case one Wagner, a lyric artist, had contracted with plaintiff to sing at his theater, and not elsewhere, during a certain time. Defendant, without using fraudulent or otherwise illegal means, persuaded

her to break her contract. It was held, not without a strong dissent by Coleridge, J., that an action would lie for damages. It is safe to say that that case has never been fully accepted in this country, and even in England its authority has been much limited, if not actually weakened. Allen v. Flood, Law Rep. 1898, App. Cas. 1. In so far as it was based upon the ancient statutes of England respecting laborers and servants, it is clear that it has no application to conditions existing in this state. National Protective Association v. Cumming, 170 N. Y. 315, 63 N. E. 369, 58 L. R. A. 135, 88 Am. St. Rep. 648. It has been held in some jurisdictions, and strongly denied in others, that the law gives a remedy for interference with contracts for service, which it would not give under like circumstances for interference with other contracts. In our opinion, however, no such distinction can properly be made, nor is sanctioned by the closer reasoning. A contract for services is like any other contract in which the parties assume mutual obligations one to the other. In case of a breach by one the other has his action for damages. If a third party is to be held liable for having induced the breach, it must be because he has been guilty of some wrongdoing, amounting to a tort, whereby he has deprived the aggrieved party of a valuable thing, to wit, the contract. It seems to be well settled as to contracts generally, and we see no reason why the same rule should not apply to contracts for service, that interference by a stranger is actionable only if he has used fraudulent or otherwise wrongful means to induce one party to break the contract. That such interference is actionable is settled. Rice v. Manley, 66 N. Y. 82, 23 Am. Rep. 30. It is significant that in the present case the defendants are charged with the adoption of no illegal or fraudulent means for enticing away plaintiff's employés, and, except in the case of Suzanne Partridge, no allegation is made that any employé so enticed away was under contract for any definite term.

[3] It is true that the complaint is plentifully besprinkled with allegations that defendants did certain things "wrongfully and maliciously," but these amount to nothing more than the pleader's conclusions from unalleged facts. In the absence of any sufficient allegation of the use by defendants of fraudulent or unlawful means to entice away plaintiff's employés, we are of opinion that the complaint fails to state facts constituting a cause of action.

The interlocutory judgment appealed from is therefore affirmed, with costs, with leave to plaintiff to withdraw demurrer and to amend his complaint within 20 days upon payment of costs in this court and the court below. All concur.