SPA BATHS COMPANY, Plaintiff, *v.* THE BOARD OF COMMISSIONERS OF THE STATE RESERVATION AT SARATOGA SPRINGS, Defendant.

(Supreme Court, Washington Special Term, January, 1917.)

Substitution — of parties — actions — corporations — State Reservation at Saratoga Springs — when motion to substitute denied — Code Civ. Pro. § 756.

> After an action to recover damages for breach of contract had been brought against "The Board of Commissioners of the State Reservation at Saratoga Springs," constituted a body corporate by chapter 394 of the Laws of 1911, defendant was legislated out of office and the "State Reservation at Saratoga Springs" was created in its place by chapter 295 of the Laws of 1916 with corporate powers for certain specified purposes, no reference being made to liabilities. *Held,* that the legislature intended that liabilities growing out of the acts of the State Reservation at Saratoga Springs should be those of the state and that a motion under section 756 of the Code of Civil Procedure to substitute the reservation as defendant in place of the present defendant should be denied.

MOTION under section 756 of the Code of Civil Procedure for an order of substitution.

Slade, Harrington & Goldsmith, for plaintiff.

Charles C. Lester, for defendant.

Egburt E. Woodbury, Attorney-General, James Gibson, Jr., Deputy Attorney-General, for State Reservation at Saratoga Springs and Conservation Commission of the State of New York.

WHITMYER, J. The action has been brought to recover damages for breach of contract. After it was

commenced, defendant was legislated out of office and the " State Reservation at Saratoga Springs " was created in its place. Plaintiff is now moving, under section 756 of the Code of Civil Procedure, to substitute the reservation as defendant in the place of the present defendant. An order to that effect is authorized only: " In case of a transfer of interest, or devolution of liability." Under Laws of 1909, chapter 569, a reservation was created at Saratoga Springs and provision was made for the appointment of three commissioners to constitute. a board, under the name of " The commissioners of the state reservation at Saratoga Springs," with power to select and acquire, in the name of the state, lands and rights or easements in same, and to file maps and descriptions thereof, whereupon the same were to become and be the property of the state and to constitute a part of the reservation provided for. Under Laws of 1911, chapter 394, the care, custody and control of the reservation and certain other powers in connection therewith were intrusted to the commissioners and they and their successors were constituted a body corporate under the name of " The board of commissioners of the state reservation at Saratoga Springs," " for the following purposes:" (1) To adopt or devise trade marks, or trade names for use in connection with the sale and use of any of the mineral waters of the reservation and to register and file descriptions of same for the protection thereof or to secure the exclusive right to the use thereof, and, in said corporate name, to institute. and prosecute any and all suits for the unauthorized use thereof by other persons or corporations; (2) To institute in their said corporate name and prosecute any and all suits against any persons or corporations for the violation of any such law for the regulation of the sale of mineral waters or for the

prevention of the adulteration thereof and to sue for and recover any penalties which may be imposed for a violation of any such law; and (3) " To have, pos-- sess, use, exercise and enjoy any and all other powers conferred upon corporations in this state by the general corporation law and which are not inconsistent with the provisions of this act." The act required the board to make an annual report to the legislature, setting forth the general situation and state of the reservation, the proceedings of the board and receipts and expenditures, in detail, and it provided, also, that all receipts should be paid into the state treasury and that all expenses should be paid upon the warrant of the comptroller. Under Laws of 1916, chapter 295, all of the previous acts relating to the reservation were repealed and were re-enacted and made a part of the Conservation Law, in the identical language theretofore used, except that the corporate powers, as above set forth, were conferred upon the " state reservation at Saratoga Springs." The corporate powers conferred upon the board were certain specified purposes. The fact that the purposes were specified shows that it was the intention to limit them. Otherwise, it would have been unnecessary to specify. So that, the general word in subdivision 3 of the section conferring same must be taken to refer to the particular purposes specified. That is the rule of construction. 35 Cyc. 1119; *Burks* v. *Bosso,* 180 N. Y. 344; *State Board of Pharmacy* v. *Gasau,* 195 id. 202. Powers were given, but there was no reference to liabilities. Authority was given to the board to sue for certain purposes only, but there was no provision for suit against the board. That omission is significant of the intention that it should not be sued, but that liabilities growing out of its acts should be the liabilities of the state. And this conclusion is strengthened by the require-

ment for turning all receipts into the state treasury and for the payment of all expenses upon the warrant of the comptroller. The board, then, was not liable, and liability could not have devolved upon the reservation. The action is against a state board, against which suit may not be brought. In reality, it is against the state. Express permission to bring it has not been given and permission may not be implied. *Matter of Hoople,* 179 N. Y. 308, 311; *Sanders* v. *Saxton,* 182 id. 477; *Saranac Land & Timber Co.* v. *Roberts,* 195 id. 320. That being so, a waiver by the state may not be inferred, as plaintiff claims that it may, from the fact that the board was empowered to sell or dispose of any excess of the water, as stated in the act. The case of *R. G. Packard Co.* v. *Commissioners of the Palisades Interstate Park,* opinion by Federal Judge Mayer, not yet reported, cited by plaintiff, is distinguishable. There, the board was created a body politic, with power to sue and to be sued. It seems clear that the action cannot be maintained. The motion is, therefore, denied.

Motion denied.