CALVIN A. LAMB, Respondent, *v.* S. CHENEY & SON, Appellant.

*Trespass — removing employee's goods.*

Appeal from an order entered in the Madison county clerk's office on March 29, 1917, overruling defendant's demurrer to the complaint.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within twenty days on payment of said costs and of the costs awarded by the court below. All concurred, except Kellogg, P. J., dissenting in memorandum, in which Sewell, J., concurred.

KELLOGG, P. J. (dissenting): The interlocutory judgment rests upon the theory that under *De Jong* v. *Behrman Co.* (148 App. Div. 37) there is no liability for inducing a servant to quit the service of the employer, but that the defendant, in moving the servant from the employer's premises, was liable for trespass. With some reluctance I am willing to follow the *De Jong* case. If the servant had a right to leave the employment, he had the right to remove his goods and family from the employer's premises, and the defendant in moving the goods for him was performing a legal act. Permitting the servant to occupy the premises carried with it a right to move his goods and family when desired. It seems, therefore, that the defendant is not liable for trespass in removing the servant's goods from the premises. Sewell, J., concurred.

---

SPA BATHS COMPANY, Appellant, v. THE BOARD OF COMMISSIONERS OF THE STATE RESERVATION AT SARATOGA SPRINGS, Respondent.— Order unanimously affirmed on the opinion of Whitmyer, J., at Special Term, with costs. (Reported in 98 Misc. Rep. 399.)

CHARLES ACKNER, Appellant, v. EDWARD SCHRECK, Respondent.— Judgment unanimously affirmed, with costs.

THE BALLSTON REFRIGERATING STORAGE COMPANY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment modified by deducting therefrom the sum of $666.67, the expense of selling the apples in the city of New York, as of the date of the judgment, and as modified unanimously affirmed, without costs.