GOODMAN BROS., INC., Respondent, *v.* WILLIAM ASHTON, Appellant.

First Department, February 6, 1925.

**Contracts — wrongful interference — action by buyer against agent of seller to recover for alleged wrongful interference — agent failed to deliver goods sold — complaint is insufficient for failing to allege facts showing that seller was induced by fraud to break contract.**

A complaint in an action against the agent of a seller of goods to recover damages, on the theory that the agent wrongfully and maliciously interfered with the

49

contract rights of the plaintiff and induced the seller not to complete the contract; is insufficient, which alleges merely the sale of the goods through the agent of the seller, and that the agent, when the goods were received by him, willfully and maliciously violated the rights of the plaintiff under the contract and sold the goods to another person, thus preventing the seller from carrying out his contract.

A complaint in an action for wrongful interference must allege the facts wherefrom it may be inferred that through some fraudulent, tortious or wrongful act, which act must be pleaded, the defendant induced the seller, as principal, to abandon the contract with the plaintiff and turn its fruits over to another.

Appeal by the defendant, William Ashton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1924, denying his motion to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Arthur L. Davis,* for the appellant.

*Rosenthal & Heermance [Charles K. Allen* of counsel], for the respondent.

McAvoy, J.:

A motion was made in this case under rule 106 of the Rules of Civil Practice to dismiss the amended complaint because it did not contain facts sufficient to constitute a cause of action. The Special Term denied the motion.

The amended complaint upon which plaintiff must now rest shows that in April, 1923, plaintiff entered into a contract of sale with defendant as agent for Rayner, Heusser & Co., of Shanghai, China, under which the latter sold to plaintiff and plaintiff bought from them certain weasel skins upon the terms and prices which are set forth in an exhibit attached to the complaint. Thereafter Rayner, Heusser & Co. shipped the skins to this country to the defendant, their agent, for delivery by him to the plaintiff. After the weasel skins were received, it is alleged that William Ashton, the defendant, with full knowledge of the right of plaintiff to have the delivery of said weasel skins and knowing that he was obligated to make the delivery, willfully and maliciously violated the rights of plaintiff under the contract and willfully and maliciously sold or disposed of the weasel skins to some other person or persons and refused to deliver the same, or any part of the same, to plaintiff, thus preventing the principal contractor from carrying out his contract with the plaintiff through a delivery of the skins to it. It is alleged that by reason of these wrongful acts of defendant, plaintiff has been damaged in the sum of $4,000.

The design of plaintiff's pleading in this cause of action is to bring himself within the doctrine that one who knowingly, willfully and maliciously interferes with the contract rights of another and thus causes damage, although he is under no contractual duty to the party injured, may be held liable for his wrongful act in inducing or enticing another to break a contract, under which he is obligated, through some unlawful, fraudulent or tortious means.

The class of cases of which *Lumley* v. *Gye* (2 El. & Bl. 216); *Lamb* v. *Cheney & Son* (227 N. Y. 418), and *Posner Co., Inc.*, v. *Jackson* (223 id. 325) are examples, affords authority for the rule that parties may be held liable in damage for such malicious interference with contracts, whether they be agreements for rendering personal service or contracts of another nature.

Defendant's contention here is, that while there is no doubt but that a cause of action would lie against an agent or a stranger to the contract who perpetrated a fraudulent or otherwise tortious act through inducement or enticement of the principal so as to cause him to fail to perform his contract, yet there is nothing alleged in this complaint showing any overpowering or circumventing the freedom of will and intent of the person obligated to perform whereby the breach of contract was brought about. There are no facts or circumstances alleged which show any conduct on the part of defendant which brings his act within the rule cited in the causes (*supra*) which establish the doctrine.

In *DeJong* v. *Behrman Co.* (148 App. Div. 37) it was pointed out that though the complaint be plentifully sprinkled with allegations that defendant did certain acts wrongfully and maliciously, these amount to nothing but a pleader's conclusions from unalleged facts. The use of these words does not satisfy the requirements of proper pleading. It is necessary that facts indicating the wrong must be set out. The defendant was under obligation to deliver the merchandise to plaintiff and he failed in that duty to his principal and diverted the merchandise to another and he is accountable to his principal for the violation of his duty as agent and the principal is accountable to plaintiff for the breach of the contract. An agent or a stranger may not be held liable for interference with the performance of a contract, unless facts are shown wherefrom it may be inferred that by some fraudulent, tortious or wrongful act, which act must be pleaded, he induced the seller, as principal, to abandon the contract with plaintiff and turn its fruits over to another.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with

leave to plaintiff to plead over within ten days after service of a copy of the order to be entered on payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.