MARGARET F. MORTON, Plaintiff, *v.* HERBERT S. WEET and Others, Defendants.

Supreme Court, Monroe County, December 3, 1931.

*James D. Harris,* for the plaintiff.

*Raines & Raines,* for defendant Weet.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave,* for the defendants Barker, MacCormick and Decker.

*Clarence M. Platt, Corporation Counsel,* for the defendants Wray, Forsythe, Duffy, Danforth and Boothby.

RODENBECK, J. The complaint does not state a cause of action. The cause of action is not based upon conspiracy. The effect of that allegation is to charge the defendants as joint tort feasors. (12 C. J. 630.) The complaint cannot be sustained merely because the plaintiff alleges conspiracy on the part of the defendants. Mere general allegations of fraud or conspiracy are of no value as stating a cause of action. (*Wood* v. *Amory,* 105 N. Y. 278.) Where a conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by many, the cause of action is based on a tort, not on conspiracy. (*Green* v. *Davies,* 182 N. Y. 499, 505.) The tort, in this instance, does not consist in the combination, but in the alleged wrongful removal. The action might have been brought against the board of education alone, and it is not changed by the mere fact that others are made defendants who are alleged to have conspired with the board of education. An act is not made actionable because a number of persons combine to accomplish it, except in cases where a combination assumes a public or quasi public aspect. (*Dalury* v. *Rezinas,* 183 App. Div. 456, 459.)

There should be an allegation of some unlawful act, in the perpetration of which the defendants combined. It was necessary

for the plaintiff to allege that the defendants had combined to do an unlawful act, or a lawful act by unlawful means. (12 C. J. 540.) There is no such allegation in the complaint. The allegation that the purpose of the defendants was wrongful and unlawful is a conclusion of law and not a sufficient allegation upon which to base a cause of action. The defendant, the board of education, had the right to remove the plaintiff, upon filing sufficient charges and giving her an opportunity to be heard. No cause of action could be based upon such a course, unless the charges were false or unlawful means were adopted to sustain them.

The charges justifying the removal of a teacher should not be ambiguous or general, but should be directed to specific acts, so that she may know what she is charged with and be prepared to defend herself. The board of education may not remove a teacher upon trumped-up or false charges, or remove her upon sufficient charges established by false testimony. There is no allegation that the charges were falsely preferred or that the removal was accomplished in an unlawful manner, participated in by the defendants.

The complaint should, therefore, be dismissed, with leave to the plaintiff to amend within twenty days after the service of an order in accordance herewith, and upon the payment of ten dollars costs of motion to defendant Weet and each group of defendants who have appeared, to abide the event.

So ordered.