Union Trust Company of North Tonawanda, Plaintiff, *v.*
Pauline M. Rasch and Another, Defendants.
Union Trust Company of North Tonawanda, Plaintiff, *v.*
George A. Rasch and Another, Defendants.

Supreme Court, Niagara County, November 29, 1933.

*George J. Smith*, for the plaintiff.

*Root & Orton*, for the defendants.

Harris, J. The complaint alleges an action on a matured and unpaid note. The counterclaim in each of the answers of the defendants above named alleges that the defendant George A. Rasch, as payee and holder of a check drawn by a depositor of the plaintiff, had presented such check for payment, demanded payment thereon and that the payment of the same was " wrongfully " refused by the plaintiff, although at the time of the presentment of such check the drawer thereof had on deposit with the plaintiff funds sufficient to cover the check, and that by reason of such " wrongful " refusal the defendant George A. Rasch was damaged in the sum of the amount of the check.

The defendants in such counterclaim do not allege an acceptance of the check by the bank nor do they allege an assignment of the funds in the bank nor that the check was the entire balance in the account of the drawer. They affirmatively allege that the funds on deposit in the account of the drawer were more than sufficient to cover the amount of the check. (See Neg. Inst. Law, § 325; *Dos Passos* v. *Morton*, 218 App. Div. 154, 156; *Glennan* v. *Rochester Trust & S. D. Co.*, 209 N. Y. 12.)

In their reply brief the defendants claim that such counterclaim is sounded in tort. If the counterclaim is one in tort, then it is improperly interposed (because the action herein is on contract), and on proper motion by the plaintiff could be stricken out under subdivision 4 of rule 109 of the Rules of Civil Practice.

Whether in tort or in contract, the counterclaim does not state facts sufficient to constitute a cause of action because the allegation that payment was " wrongfully " refused is a conclusion of law and not a fact. (Civ. Prac. Act, § 241; *Thomas* v. *N. Y. & G. L. R. Co.*, 139 N. Y. 163; *Scofield* v. *Whitelegge*, 49 id. 259; *Goodman Bros., Inc.*, v. *Ashton*, 211 App. Div. 769; *Fabian* v. *Schinasi*, 176 id. 259; *Morton* v. *Weet*, 142 Misc. 473; *DeJong* v. *Behrman Co.*, 148 App. Div. 37; *Burdick* v. *Chesebrough*, 94 id. 532; *Maylender* v. *Fulton County Gas & Elec. Co.*, 131 Misc. 514.)

It is, therefore, necessary that the court grant the motion of the plaintiff in each of these actions to strike out the counterclaim in the answer in each action. As it may be that the defendants have a proper counterclaim which can be sufficiently pleaded, the motion to strike out and dismiss such counterclaim as a separate and distinct defense is granted, with permission to the defendants to plead over again, providing such pleading is served within five days after the service of the order based on this memorandum, and further provided that, on the service of such new pleading, the defendants pay the sum of ten dollars costs to the plaintiff.