ALVIN SCHIFF, an Infant under the Age of Twenty-one Years, by SAMUEL SCHIFF, His Guardian ad Litem, and SAMUEL SCHIFF, Plaintiffs, *v.* HOME OWNERS' LOAN CORPORATION, Defendant.

Supreme Court, Special Term, New York County, May 5, 1938.

*Perlman & Schwartz [M. Robert Schwartz* of counsel], for the plaintiffs.

*Daniel McNamara, Jr.,* for the defendant.

NOONAN, J.   This is a motion to dismiss the complaint in an action against Home Owners' Loan Corporation on the ground that the court does not possess jurisdiction of the person of the defendant or of the subject of the action, and on the further ground that the complaint fails to state a good cause of action.   The action is brought to recover damages for injuries sustained as a result of the alleged negligent maintenance by the defendant of a defective gate on premises of which the defendant was the owner of record. The motion is predicated upon the theory that the defendant is an instrumentality of the United States and, therefore, immune from suit for a tort arising out of the nonfeasance of its agents, servants or employees.   That the defendant is an instrumentality of the United States has already been held by the Appellate Division in this department in *Manufacturers Trust Co.* v. *Ross* (252 App. Div. 292).   It follows that the defendant may not be sued unless, and only to the extent that the United States has expressly permitted

suit against it. The act of Congress which created the defendant, known as the Home Owners' Loan Act of 1933, section 4 (U. S. Code, tit. 12, § 1463) provides that the Home Owners' Loan Corporation " shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State." Although the defendant contends that the express permission to maintain suits against it conferred by said statute does not extend to actions in tort, the cases cited in support of that proposition are not at all convincing. No decision of the United States Supreme Court or of the Circuit Court of Appeals or of any court of this State is referred to which holds that permission to sue a governmental instrumentality does not extend to suits in tort. The case of *Manufacturers Trust Co.* v. *Ross* (*supra*) is not authority in favor of the defendant, since the only question there presented was whether the Home Owners' Loan Corporation is subject to a subpœna for examination as a *third* party in supplementary proceedings. In holding that it was not subject to such examination, the Appellate Division pointed out (p. 399) that the Home Owners' Loan Corporation " is not subject to judicial process except to the extent indicated in the statute creating it." In my opinion, the express permission to sue the defendant, contained in the act of Congress, previously referred to, is broad enough to authorize the maintenance of tort actions against the defendant.

The motion to dismiss is accordingly denied, with leave to answer within ten days from the service of a copy of the order entered herein with notice of entry. Order signed.