JOHN GILLEN, Respondent, v. HOME OWNERS' LOAN CORPORATION, Appellant.

Second Department, December 31, 1938.

*Julius M. Jacobs*, for the appellant.

*Fred A. Lewis*, for the respondent.

DAVIS, J. The complaint states a cause of action against the defendant for negligence resulting in personal injuries. The plaintiff is a tenant of the property owned, managed and leased by the defendant. Appearing specially, the defendant moved to dismiss the complaint on the sole ground that it is immune from liability in tort as an instrumentality of the government of the United States. The motion was denied.

It is not disputed that the defendant, created by the " Home Owners' Loan Act of 1933," is " an instrumentality of the United States" (U. S. Code, tit. 12, § 1463, subd. [a]) and that the general purpose of its creation was to relieve, during the period of financial depression, the distress of home owners by making loans and by refinancing mortgages for a period of three years, ending June 13, 1936 (U. S. Code, tit. 12, § 1463, subds. [a], [d], [m]). At the time fixed for termination, the national emergency which prompted such legislation had passed or lessened, and the general purpose of the act was, theoretically at least, fulfilled. Subsequent to that time the duties of the defendant were only to collect principal and interest on mortgages made, to see that taxes were paid, and to perform other necessary duties, and, where persistent default occurred, to foreclose the mortgage. It had authority, if necessary, to take title on foreclosure and thereafter to control and maintain the property. It could either rent or sell.

The concrete question then is, was the defendant, in performing these duties, acting solely as an agency of the government or were such duties essentially private and proprietary?

The statute creating this instrumentality provided that the Corporation " shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State." (U. S. Code, tit. 12, § 1463, subd. [a].)

The language used has no limitation as to the nature of suits that may be brought. No one disputes that the sovereign government may not be sued without its consent. As long as defendant was functioning as a governmental agency in relieving the distress of unfortunate people by making loans, it is difficult to understand what would be the basis of any suit against the corporation; and if suit in tort were brought at such a time, very likely immunity might be claimed. It is functioning differently after its loans have been made and distress relieved; and the corporation begins to act in a proprietary way in taking title to property and in managing, controlling and leasing such property as a private corporation or individual would act. It is then that the common duties of owner and landlord are cast upon it. Naturally, Congress would not expect or intend that the corporation or its agents would be permitted to be careless, negligent or indifferent to the rights of tenants and be favored with immunity from all obligations or liability to them, whether of contract or of tort. Some of the persons aggrieved would be those whom the defendant had originally undertaken to aid — remaining as tenants after foreclosure.

In general, when the United States and its instrumentalities are authorized by Congress to enter business or enterprises such as are usually conducted by private corporations or persons, and leave is granted to be sued, the courts have given a broad and liberal interpretation to such rights of suit by those aggrieved. (*Standard Oil Co.* v. *United States*, 267 U. S. 76; *Eastern Transp. Co.* v. *United States*, 272 id. 675.) A corporation, although all of its stock is owned by the United States, is a separate entity. (*United States* v. *Strang*, 254 U. S. 491.) " Immunity of corporate government agencies from suit and judicial process, and their incidents, is less readily implied than immunity from taxation." (*Federal Land Bank* v. *Priddy*, 295 U. S. 229, 235.)

Evidently the precise question presented here as to the right to sue the defendant in tort has not been decided by any appellate court. Decisions on the subject in courts of original jurisdiction are in conflict. In four cases motions to dismiss the complaint were granted. (*Henson* v. *Eichorn*, 24 F. Supp. 842; *Prato* v. *Home Owners' Loan Corporation*, Id. 844; *Adams* v. *Home Owners' Loan Corporation*, Dist. Ct. Neb. 1938, not reported; *Jernigan* v. *Home Owners' Loan Corporation*, Dist. Ct. Tenn. Aug. 1937, not reported. *Contra, Pennell* v. *Home Owners' Loan Corporation*, 21 F. Supp. 497; *Schiff* v. *Home Owners' Loan Corp.*, 168 Misc. 498; *Heller* v. *Home Owners' Loan Corp.*, Supreme Court, Nassau County, Oct. 1938, not reported; *Gillen* v. *Home Owners' Loan Corp.*, N. Y. L. J. Nov. 14, 1938, p. 1613.)

In the absence of controlling authority in the Federal courts, we adopt the view long prevailing in this State where similar questions have been raised by local governmental agencies seeking immunity from liability. The question of claimed immunity is not new. It has been raised by towns, villages, cities and boards of education; and the doctrine has progressively become more liberal as to the liability of such corporations when acting in an administrative, ministerial or proprietary capacity. (*Conrad* v. *Trustees of Village of Ithaca*, 16 N. Y. 158; *Herman* v. *Board of Education*, 234 id. 196; *Lessin* v. *Board of Education*, 247 id. 503; *Van Dyke* v. *City of Utica*, 203 App. Div. 26; *O'Brien* v. *Town of Greenburgh*, 239 id. 555; affd., 266 N. Y. 582; *Murphy* v. *Incorporated Village of Farmingdale*, 252 App. Div. 327.)

The distinction between governmental and proprietary functions is reasonably clear. A private corporation could not have undertaken the work of refinancing mortgages on such a great scale as did this public corporation. But when it came to the ownership and renting of separate pieces of property, the acts and duties of the corporation are those of individuals or private corporations involving no particular function of government. The defendant, in its ownership, control and management of the property of which plaintiff was a tenant, was acting in a proprietary capacity and assumed the duty of exercising reasonable care in the management of the property. It is authorized by statute to advance money for necessary repairs. (U. S. Code, tit. 12, § 1463, subd. [m].) Under such circumstances, it cannot claim immunity from liability under the statute permitting it to be sued.

The order should be affirmed, with ten dollars costs and disbursements. The defendant has leave to serve an answer within ten days after the entry of the order.

LAZANSKY, P. J., HAGARTY, CARSWELL and JOHNSTON, JJ., concur.

Order affirmed, with ten dollars costs and disbursements. The defendant has leave to serve an answer within ten days after the entry of the order.