Sunlit Gardens, Inc., Plaintiff, *v.* Frank C. Moore, Comptroller of the State of New York, as Trustee of the New York State Employees' Retirement System, Defendant.

Supreme Court, Special Term, Kings County, May 5, 1944.

*Nathaniel L. Goldstein, Attorney-General,* for defendant.

*Meyer Weinstein* for plaintiff.

Garvin, J. Defendant has moved under rule 106 of the Rules of Civil Practice for an order dismissing the complaint on the ground of insufficiency, claiming that the court has neither jurisdiction of the person of defendant nor of the subject matter of the suit.

The question involved is whether the New York State Employees' Retirement System has such a relation to the State of New York as to require a holding that it exercises a governmental function to the extent that it is in the same position as though an action had been brought against the State itself. The court is of the opinion that defendant's motion to dismiss the complaint should be granted. (*Matter of Hoople,* 179 N. Y. 308; *Adler, Inc., v. Noyes,* 285 N. Y. 34; *Sadigur v. State of New York,* 173 Misc. 645; *Breen v. Mortgage Commission,* 285 N. Y. 425; *Nicholoulias v. Regent Restaurant, Inc.,* 175 Misc. 526; *Spa Baths Co. v. Comrs. State Reservation,* 98 Misc. 399, affd. 181 App. Div. 960; *People of State of N. Y. v. Dennison et al.,* 84 N. Y. 272.)

It is the conclusion of the court that there is such a close association between the New York Employees' Retirement System and the efficient conduct of all governmental agencies of the State as to make it apparent beyond question that the System serves a highly useful public purpose and by its operation necessarily constitutes a direct participation by the State in its governmental functions. These views are confirmed by an opinion written many years ago by the late Mr. Justice Bischoff in the case of *Hammitt v. Gaynor* (144 N. Y. S. 123, 126) where

he stated: " In its relation to the betterment· of the public service, through ·the incentive offered to faithful devotion to duty, and through the retirement rather than the retention in service at full pay of those servants who have outlived their usefulness, the purpose of granting pensions is ' a public purpose ' ".

If the foregoing views are correct, defendant's motion to dismiss the complaint must be granted.