George Tilzer, J.
Defendant Straus-Duparquet, Inc., moves for dismissal for insufficiency of the fourth and sixth causes of action contained in the amended complaint. The fourth cause is asserted against the moving defendant only and is based on alleged wrongful inducement of a breach of lease. The plaintiff and the defendant Hotel Executive on Madison Avenue, Ltd., had engaged in a long-term lease as tenant and landlord respectively. By the terms of the lease the defendant landlord undertook to construct and fully equip at its own cost a restaurant ready to function as an operating business and it agreed to engage the moving defendant as the contractor to install and equip a restaurant. It is further alleged that the moving defendant had knowledge of the existence of the long-term lease. However, in order to obtain from the defendant landlord a contract for the installation of restaurant facilities containing terms and provisions more acceptable to it than those which would have been required by the terms of the lease, the movant did induce the defendant landlord to breach its obligations under the lease and was successful in so doing, in consequence of which the movant did acquire a different contract more acceptable to it for the installation of restaurant facilities for the benefit of a person or firm other than the plaintiff with whom the defendant landlord had engaged in a lease covering the same premises leased to the plaintiff. It is urged that the plaintiff has failed to allege factual allegations of inducement. As stated in De Jong v. Behrman Co. (148 App. Div. 37), it is essential that facts are shown wherefrom it may be inferred that by some fraudulent, tortious or wrongful act, which act must be pleaded, he induced the seller, as principal, to abandon the contract with plaintiff and turn its fruits over to another. The alleged fact that the movant induced the defendant landlord to grant to the movant a construction contract contrary to the terms as required by the plaintiff’s lease resulting in the granting of a lease to another, *179 is sufficient as factual allegation to support the claim of inducement.
The sixth cause of action is asserted against all of the defendants and is based upon the claim of conspiracy to induce breach of the long-term lease. The same allegations are repeated and it is alleged, in addition, that the defendants agreed that plaintiff’s lease would be disavowed which the defendant landlord wished no longer to honor; that the defendant landlord would grant a lease to the defendant Interstate Management Corp. and the movant would acquire a contract for the equipment and installation of a restaurant, and the defendant landlord was, accordingly, induced to breach its agreement of lease with the plaintiff. Both causes are sufficient. The motion is denied.