REAL PROPERTY TAX LAW, § 404.
The New York State Employees' Retirement System is a State agency and, as such, its real property however acquired and however used is exempt from local real property taxes.
HON. ARTHUR LEVITT State Comptroller
I have your inquiry by your counsel Hon. Theodore Spatz seeking clarification of the taxable status with respect to local real property taxes of real property taken in the name of the New York State Employees' Retirement System in lieu of a foreclosure of the System's mortgage lien and held by the System as a landlord. As you point out in your letter of inquiry, subdivision one of section 404 of the Real Property Tax Law provides that:
 "Real property owned by the state of New York or any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section, whether heretofore or hereafter acquired or constructed, is and shall be deemed to have been and to be exempt from taxation."
On the other hand, subdivision two of this same section provides that:
 "Real property owned by the New York state employees' retirement system acquired or constructed pursuant to subdivision h of section thirteen of the retirement and social security law shall be exempt from taxation."
Subdivision h of section thirteen of the Retirement and Social Security Law deals with the authority of the NYSERS to construct office buildings and parking facilities in certain designated cities of the State for its own use, for the use of various State agencies and departments, and for the use of the State University. The question arises, therefore, whether by specifically exempting certain real property of NYSERS in subdivision two of section 404, the Legislature intended by exclusion not to give such tax exemption to other properties of NYSERS not in the exempt category.
The specific recital of tax exemption for the real property of NYSERS used in the manner now set forth in subdivision h of section thirteen of the Retirement and Social Security Law first appeared by amendment to subdivision h of section 70 of the Civil Service Law by Chapter 314 of the Laws of 1955. At that time there was already in the law a tax exemption for "real property owned by the State of New York." Prior to the enactment of said Chapter 314 of the Laws of 1955 and in support of Senate Int. 2118 which proposed such amendment, Senator John Cooke, the Senate Chairman of the Committee on Civil Service and Pensions and the Senate sponsor of the bill, wrote to the Governor's Counsel as follows:
 "It is reasonably clear that real property of the Retirement System, held for its own use, would be exempt from taxation as property of a State agency (State Insurance Fund v. Boyland, 1953, 282 App. Div. 516; Sunlit Gardens v. Moore, 1944, 183 Misc. 343). Although it is likely that property of the Retirement System leased to the State, and hence used for a public purpose, also would be held to be exempt from taxation, it was believed that this question should be clarified by this bill to avoid litigation and possible delay in the construction of needed office space for the State."
Five years later by Chapter 392 of the Laws of 1960, the Legislature modified the language of subdivision one of section404 of the Real Property Tax Law by adding the following:
 "§ 11 Subdivision one of Section 404 of the real property tax law is hereby amended to read as follows:
 1. Real property owned by the State of New York or any department or agency thereof, including but not limited to real property described in subdivision two and three of this section, * * * is * * * exempt from taxation * * * (This is the present form of the statute.)"
Further in the original bill passed by the Legislature a note followed Section 11. It read:
 "NOTE. — Section 11 of this act declares the continuing intent of the Legislature that real properties owned by departments or agencies of the State, including the two principal retirement systems of the State are exempt from taxation under principles and provisions of law which generally exempt property of the State."
It appears clearly, therefore, that the Legislature in enacting the tax exemption portion of what is now section 404(2) did so not for the purpose of excluding any other properties of NYSERS from the tax exemption, but merely to emphasize the existence of an exemption which it believed already existed but needed specific clarification to avoid needless litigation from local governments.
This position is further buttressed by their subsequent action in adding to the language of section 404(1) in 1960 so that the tax exemption granted by statute to the real property of the State of New York was clearly shown to include all real property of State departments and agencies. Again, this additional language did not widen the prior exemption to State lands, but was added for the purpose of clarification. It is my opinion, therefore, that the Legislature did not intend to limit the tax exemption to certain NYSERS properties, but did, in fact, believe that the NYSERS was a State agency entitled to the general exemption of section 404(1).
The question of whether the NYSERS is a State agency has been discussed in an informal opinion of the Attorney General (see 1958 Informal Opinions of the Attorney General 112) and by the courts. There is not, however, in the Consolidated Laws any universal definition of the term "state agency" which could be applied to NYSERS.
Historically, properties owned by the State or its agencies were immune from taxation by reason of the State's sovereignty. It was on this basis that courts have held that realty owned by the State or its agencies was exempt from taxation even in the absence of specific statutes granting same. (See Bush TerminalCo. v. City, 282 N.Y. 306 [1940].)
As to whether or not a given body is or is not a State agency, the courts have established a "closeness of relation" test. InEasley v. Thruway Authority, 1 N.Y.2d 374 (1956) the Court groups all the elements which show a commonality between the State and the body in question. Two cases have determined specifically that NYSERS is a State agency. In Sunlit Gardens,Inc. v. Comptroller (183 Misc. 343 [Sup. Ct., Kings Co., 1944]), the Court concluded that a suit against the Retirement System was a suit against the State, since:
 "* * * there is such a close association between the NYSERS and the efficient conduct of all government agencies of the State so as to make it apparent beyond question that the system serves a highly useful public purpose and by its operation necessarily constitutes a direct participation by the state in its governmental function."
Later the Court of Appeals in Glassman v. Glassman andNYSERS, 309 N.Y. 436 (1956) held that NYSERS was a State agency because it was engaged in an important governmental function and that the close relationship between NYSERS and the State government was apparent. The Court demonstrated this relationship by listing the following factors:
 1) The State Comptroller is the administrative head of the System. He is empowered to adopt rules and regulations for the administration of the System's business. Section 11 (a) (RSSL)
 2) The Attorney General is the legal adviser of the System. Section 14 (RSSL)
 3) The State as an employer of the members of the Retirement System, is obligated for the payment of pensions, annuities, retirement allowances, refunds and other benefits, as well as the creation and maintenance of reserves in the pension accumulation fund, the maintenance of annuity reserves and the expenses of the Retirement System. Section 18 (RSSL)
 4) There must be an annual appropriation from the State treasury to provide for payment of the State's obligation to the Retirement System. Section 16 (RSSL)
In addition, the employees of NYSERS are generally members of the competitive class of the civil servants and are generally considered a part of the Department of Audit and Control.
One last basis for supporting general tax exempt status for real property of NYSERS lies in section 200 of the Insurance Law and in section 488 of the Real Property Tax Law. Section 200 deals with the creation of private retirement systems and subdivision 7 thereof grants a general tax exemption including real property taxes to such a private system. Section 488
of the Real Property Tax Law implements the real property tax exemption of such systems in the appropriate article dealing with tax exemptions in the Real Property Tax Law. Although the exemption granted by these statutes does not specifically extend to the real property of public systems which are not organized pursuant to section 200 of the Insurance Law, it would certainly create an anomalous situation if lands of a private system were tax exempt while those of a public system were not.
I therefore conclude that NYSERS is a State agency and, as such, is entitled under section 404 (1) of the Real Property Tax Law to full tax exemption for its real properties however acquired or held, and that this tax exemption is in no way limited by the language of section 404(2) of the Real Property Tax Law.