PAUL BENTON, Doing Business under the Name of BENTON ASSOCIATES, Appellant-Respondent, v. KENNEDY-VAN SAUN MFG. & ENG. CORPORATION, Respondent-Appellant.

First Department, June 26, 1956.

*Louis S. Posner* of counsel (*Samuel Conrad Cohen,* attorney), for appellant-respondent.

*Herman S. Axelrod* of counsel (*Maitland M. Axelrod* with him on the brief; *Isaac Gluckman,* attorney), for respondent-appellant.

BOTEIN, J. Special Term dismissed the fourth amended complaint in this case as insufficient, but granted leave to serve a fifth amended complaint.

In substance, the complaint alleges that the Republic of Haiti gave to Haitian Cement and Lime Manufacturing Corporation the exclusive concession to build and operate certain cement plants in that country. Haitian then contracted to have Caribbean Construction Córporation build one of its plants. Caribbean in turn subcontracted separately with plaintiff, an engineer, and defendant corporation to have each of them furnish certain specified labor, material and supplies.

Plaintiff then alleges that defendant corporation, with full knowledge of the agreements between the parties, caused the subcontract between plaintiff and Caribbean to be terminated and cancelled, by means of a labyrinthine process whereby defendant obtained control of Haitian, caused it to give up its concession with Haiti and unlawfully to cancel its agreement with Caribbean. It is asserted that this was done so that defendant and its affiliated company could obtain the exclusive concession to build the cement plants in Haiti, and to deprive plaintiff of the benefit of its subcontract, so that the defendant could divert all the profits to itself.

Plaintiff, however, does not allege the necessary ultimate facts to support his claim. Perhaps the difficulty lies in the fact that he is trying to sustain the one cause of action he pleads on two different and utterly irreconcilable theories. He argues that the complaint alleges sufficiently both a " prima facie " tort and a tort of wrongful interference with contract.

Under no circumstances, upon such facts as he has alleged, will plaintiff be able to plead a sufficient cause of action based on " prima facie " tort. " The remedy [of prima facie tort] is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused the injury to plaintiff, all without excuse or justification." (*Ruza* v. *Ruza,* 286 App. Div. 767, 769; see, also, *Advance Music Corp.* v. *American Tobacco Co.,* 296

N. Y. 79; *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170; *Brandt* v. *Winchell*, 283 App. Div. 338.) While harm to plaintiff of course followed the successful consummation of defendant's scheme, it was caused primarily by defendant's thrust for profits. The complaint alleges that defendant acted '' in order for its own benefit to acquire said contracts and profits therefrom ''.

It is clear from this and similar allegations that the primary objective of defendant was to take over the potentially profitable work to be performed under plaintiff's contract. If this were defendant's purpose, and we may draw no other inference, it did not constitute the malicious and unjustifiable attempt to injure plaintiff that is an essential ingredient in an action for '' prima facie '' tort. Intent to bypass, circumvent, or to destroy plaintiff's contract there may have been; but if carried out by lawful means, motivated chiefly by a desire to make profits, there is no actionable wrong, even though there is a callous disregard of the incidental injury to plaintiff which would necessarily follow. Defendant's self-interest negatives malice, even though the means employed might be of questionable morality and ethical validity. Competition as such, no matter how vigorous or even ruthless, is not a tort at common law.

On the other hand, if defendant used unlawful means, it may be that it could be held in damages for committing the tort of unlawful interference with plaintiff's contract. '' It is a wrongful act, done intentionally, without just cause or excuse, and from this a malicious motive is to be inferred. This does not necessarily mean actual malice or ill-will * * *. The action is predicated not on the intent to injure, but on the intentional interference, without justification, with A's contractual rights, with knowledge thereof. It is a legal wrong and one who commits it, if damage be sustained, must answer therefor.'' (*Campbell* v. *Gates*, 236 N. Y. 457, 460.) Self-interest may be the legal justification which negatives intent to injure, but of course it cannot afford legal justification for the intent to interfere with a contract by unlawful means. Defendant, it is alleged, knowingly and intentionally accomplished the destruction of plaintiff's tributary contract by wrongfully inducing a breach of the source contract. There results just as effective an interference with plaintiff's contract rights as though the initial move had been directed at plaintiff's own contract. The circuity of defendant's actions will not relieve it of responsibility for its tortious misconduct.

However, plaintiff does not plead ultimate facts in support of his claim of interference with contract. Plaintiff's claim must rest on a wrongful violation of legal rights vouchsafed him under his contract; and what those legal rights were and how they were violated have not been set out in terms of ultimate facts. For example, he does not show the terms of the source contract — the contract between Caribbean and Haitian, which he alleges defendant wrongfully caused to be cancelled. For some inexplicable reason plaintiff attaches copies of his contract with Caribbean and Haitian's contract with the Republic of Haiti, but fails to supply a copy of this key contract. While alleging that defendant caused the cancellation of the agreement between Haitian and Caribbean although without " just lawful or justifiable grounds ", the complaint does not allege the circumstances or conditions of the cancellation or that it was effected without some agreement or acceptance on the part of Caribbean. For aught that appears, the cancellation might have been by mutual agreement. Also, there is no allegation that Caribbean had duly performed its obligations under the contract up to the time of cancellation. In short, if plaintiff was damaged by the breach of the source contract, he must allege and prove that breach and that defendant intentionally albeit indirectly brought that breach about.

But there is no point to further detailing deficiencies in the complaint. Plaintiff must recite in nonconclusory language facts establishing all the elements of a wrongful and intentional interference with his contractual rights (*Lamb* v. *Cheney & Son,* 227 N. Y. 418; *Hornstein* v. *Podwitz,* 254 N. Y. 443; *Goodman Bros.* v. *Ashton,* 211 App. Div. 769). As was said in a somewhat analogous situation, " the complaint is plentifully besprinkled with allegations that defendants did certain things ' wrongfully and maliciously,' but these amount to nothing more than the pleader's conclusions from unalleged facts." (*De Jong* v. *Behrman Co.,* 148 App. Div. 37, 40.)

Since plaintiff's failure to plead a good cause of action for wrongful interference with contract may be due to his attempt to blend it with an action for prima facie tort, we are loath to disturb the exercise of discretion by Special Term in granting leave to serve a fifth amended complaint. The order, therefore, should be affirmed, with costs to defendant.

PECK, P. J., BREITEL and Cox, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the defendant.