Charles A. Loreto, J.
Motion by defendant Aprahamian, pursuant to rule 106 of the Buies of Civil Practice, to dismiss the complaint on the ground that it appears on the face thereof that the complaint does not' state facts sufficient to constitute a cause of action against him.
Plaintiff alleges that, on or about April 6, 1959, she entered info a written contract with defendant Leichter to purchase from him a beauty salon together with the leasehold therefor. The sale was conditioned upon the seller’s obtaining for the buyer within three weeks a new two-year lease from the landlord for a stipulated rent. Before the agreement was signed defendant Leichter advised plaintiff that he had spoken to defendant Aprahamian, the landlord’s agent, who was authorized to enter into and would grant a lease to the plaintiff. In paragraph 15 of the complaint it further is alleged that, after the agreement was signed and on April 8, 1959, defendant Aprahamian advised plaintiff that she would have a lease within 7 to 10 days. Plaintiff also alleges specific acts, agreements and expenditures incurred to prepare for the operation of the business and its expansion and increase in value by reason thereof. Plaintiff then alleges that defendants then entered into a conspiracy to render plaintiff’s agreement null and void by defendant Aprahamian’s failing to give plaintiff the lease, as a result *751 of which plaintiff was deprived of the conditional contractual right to acquire title to the business. It is also alleged that at no time did defendants notify plaintiff of the reason for the failure to deliver the lease. In paragraph 23 of the complaint it is alleged that the defendant Leichter breached the agreement in failing to make a bona fide attempt to obtain the lease.
The special damages are specifically and with particularity alleged in that two beauticians, with their own following, agreed with plaintiff to operate the salon and were permitted to work in the salon until title closing; that the net income and value of the store was substantially increased by reason of the business that these beauticians brought in; that at the request of defendant Leichter plaintiff purchased four hair dryers which were delivered to the salon and used by the two beauticians; that plaintiff caused a corporation to be formed to acquire title, in which all three beauticians were to become an owner of one third of the stock.
This motion must be denied if the complaint considered in any aspect states any cause of action (Pomerance v. Pomerance, 301 N. Y. 254). It would appear from a perusal of the complaint that the essential elements sufficient to constitute a cause of action based on a prima facie tort are stated (Ruza v. Ruza, 286 App. Div. 767; Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1 A D 2d 170; Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 AD 2d 27). The key to the prima facie tort is the inflicttion of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. The conduct ascribed to defendant Aprahamian is the charge of intentional infliction of harm to plaintiff in causing plaintiff to lose the right to own the business which she had contracted to purchase and for which she had expended money to improve and build up.
The allegation of paragraph 23 that defendant Leichter failed to make a bona fide attempt to obtain the lease, spells out his breach of contract and does not relieve the defendant Aprahamian of wrongful conduct as the latter’s attorney would argue. The effectiveness of the allegations linking defendant Aprahamian to the transaction and wrong is not nullified by the allegations of paragraph 23 of the complaint as in Kaulhausen v. Penn Mut. Life Ins. Co. (275 App. Div. 753) cited, which is distinguishable.
Accordingly, the motion must be denied.