■ COHEN'S WEST 14TH STREET CORP., Appellant, v PARKER 14TH ASSOCIATES et al., Respondents.—Order of the Supreme Court, New York County (Alfred Ascione, J.), entered on October 3, 1985, which, *inter alia,* dismissed the first cause of action in the complaint against defendant 5 West 14th Owners Corp., is unanimously modified, on the law and the facts and in the exercise of discretion, solely to the extent of granting plaintiff leave to serve an amended complaint against said defendant within 20 days of service of a copy of this court's order with notice of entry, and otherwise affirmed, without costs or disbursements.

The first cause of action against 5 West 14th Owners Corp. (Owners) claimed that this defendant engaged in a course of conduct which "was, is and in the future will be malicious, illegal, wrongful, intentional and without any basis in law or fact" designed to procure a surrender of the rights of defendant West 14 Street Commercial Corp. (Commercial) under the master lease, which would then result in cancellation of plaintiff's sublease. Although plaintiff alleged that this course of conduct by Owners was for no legitimate or legal purpose, this cause of action did not assert a claim in prima facie tort. That tort requires the allegation that the intention to harm has motivated the defendant's action and caused injury, all without excuse or justification.

Here it is apparent from the face of the complaint that Owners had an economic interest and was not, therefore, motivated solely by malevolence. *(See, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333.)

Likewise, the Supreme Court properly found that the complaint failed to state a cause of action for tortious interference with contract. Plaintiff failed to allege facts which would establish all the elements of such a cause of action. However, since this failure to plead sufficient facts making out a cause of action for tortious interference with contract may have been due to the attempt to blend it with a cause of action for prima facie tort, we modify solely to allow plaintiff leave to serve an amended complaint. *(See, Benton v Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 AD2d 27, 30.) Concur—Sullivan, J. P., Carro, Asch and Wallach, JJ.