■ DeMicco Bros., Inc., Appellant, v Consolidated Edison Company of New York, Inc., et al., Respondents, et al., Defendant. [779 NYS2d 10]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 31, 2003, granting plaintiff's motion to reargue the order of the same court and Justice entered September 11, 2002, which, to the extent appealed from, and upon reargument, adhered to its prior grant of defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (7) and prior denial of plaintiff's cross motion to amend the complaint to add the cause of action of prima facie tort, unanimously reversed, on the law, without costs, the motions denied and the cross motion granted to add the cause of action of prima facie tort. Appeal from order, same court and Justice, entered September 11, 2002, unanimously dismissed, without costs, as superseded by the appeal from the order of March 31, 2003.

It is well settled that a court's inquiry is narrowly defined on a motion to dismiss under CPLR 3211. The court must "accept the facts alleged as true . . . and determine simply whether the facts alleged fit within any cognizable legal theory" (*Morone v Morone*, 50 NY2d 481, 484 [1980] [citation omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Salles v Chase Manhattan Bank*, 300 AD2d 226 [2002]). The complaint must be liberally construed (CPLR 3026; *see New York Trap Rock Corp. v Town of Clarkstown*, 299 NY 77 [1949]), and the court must accept as true not only the material allegations of the complaint, but also "whatever can be reasonably inferred therefrom" in favor of the pleader (*McGill v Parker*, 179 AD2d 98, 105 [1992]; *see Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 318 [1995]). A court is further obligated to "sustain the plead-

ing when a cause of action may be discerned, even if inartfully stated" (*Fischbach & Moore v E.W. Howell Co.*, 240 AD2d 157, 157 [1997]).

Accepting the allegations of the complaint as true and construing the inferences that may be drawn therefrom in plaintiff's favor, we find that the instant complaint sufficiently alleges a claim of prima facie tort, namely: (1) the intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]).

In its complaint, plaintiff alleged that certain overhead electric, cable and telecommunication wires owned and operated by defendants were interfering with its public works contract with the City of New York for the milling and grinding of certain public streets. In light of defendants' affirmative legal obligation to remove or alter their wires for public works construction (Administrative Code of City of NY § 24-521; *see City of New York v Consolidated Edison Co.*, 274 AD2d 189 [2000], *appeal and lv dismissed* 96 NY2d 727 [2001]), we find that plaintiff's allegations permit the inference that defendants' failure to remove or alter the offending overhead wires was not inadvertent, but rather stemmed from an intentional decision for no legitimate reason, i.e., disinterested malevolence (*see Burns Jackson Miller Summit & Spitzer v Lindner, supra* at 333).

Likewise, plaintiff's submission of the letters it sent to each of the defendants delineating the damages which it had allegedly incurred by defendants' failure to remove or alter the subject overhead wires sufficiently identified the actual losses necessary to satisfy the element of special damages of prima facie tort.

We have considered defendants' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe and Lerner, JJ.