Order, Supreme Court, New York County (Donna M. Mills, J.), entered September 20, 2012, which, insofar as appealed from as limited by the briefs, granted defendants’ motion to dismiss the causes of action for tortious interference with contract and prima facie tort pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.
The motion court correctly dismissed the tortious interference with contract claim. To establish a claim of tortious interference with contract, “the plaintiff must show the existence of its valid contract with a third party, defendant’s knowledge of that contract, defendant’s intentional and improper procuring of a breach, and damages” (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]). Although plaintiff alleges that its contractor was unable to *403 construct a tower crane in accordance with its contract because of defendants’ refusal to remove a sidewalk bridge that encroached five feet onto plaintiffs premises, plaintiff does not allege that defendant procured a breach of contract by plaintiffs contractor (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424-425 [1996]). Contrary to plaintiffs contention, defendants may raise this argument on appeal even though it was not relied upon by the motion court (see Matter of American Dental Coop. v Attorney-General of State of N.Y., 127 AD2d 274, 279 n 3 [1st Dept 1987]).
The motion court also correctly dismissed plaintiff’s prima facie tort claim. The requisite elements for a cause of action sounding in prima facie tort are (1) the intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise legal (see DeMicco Bros., Inc. v Consolidated Edison Co. of N.Y., Inc., 8 AD3d 99 [1st Dept 2004]). The “plaintiff! ] [must] allege that disinterested malevolence was the sole motivation for the conduct of which [he or she] complaints]” (Epifani v Johnson, 65 AD3d 224, 232 [2d Dept 2009] [internal quotation marks and citation omitted]). Here, plaintiffs argument that defendants were motivated by an intent to delay the construction of plaintiff’s hotel which would compete with defendants’ hotel business negates the requirement of acting with disinterested malevolence (see Benton v Kennedy-Van Saun Mfg. & Eng’g Corp., 2 AD2d 27, 29 [1st Dept 1956]; see also Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]).
Concur — Tom, J.E, Andrias, Saxe, DeGrasse and Richter, JJ.