Mobile Audio Specialists, Inc. v ACIM NY, L.L.C. (2021 NY Slip Op 05820)





Mobile Audio Specialists, Inc. v ACIM NY, L.L.C.


2021 NY Slip Op 05820


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 651719/20 Appeal No. 14498 Case No. 2021-00745 

[*1]Mobile Audio Specialists, Inc., et al., Plaintiffs-Appellants,
v
ACIM NY, L.L.C. et al., Defendants, Nissan North America, Inc., Defendant-Respondent.


Morrison Tenenbaum PLLC, New York (Joshua S. Androphy of counsel), for appellants.
Seyfarth Shaw LLP, New York (Eddy Salcedo and Caleb J. Schillinger of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 28, 2021, which, insofar as appealed from, granted the motion of defendant Nissan North America, Inc. to dismiss the complaint as against it, unanimously affirmed, with costs.
Plaintiff's unjust enrichment claim was barred by the existence of the express sublease between plaintiff and its tenants (see J.T. Magen & Co., Inc. v Nissan N. Am., Inc., 178 AD3d 466, 467 [1st Dept 2019]). Moreover, plaintiff had no relationship or connection to defendant Nissan and thus, the absence of a relationship approaching privity was also fatal to the unjust enrichment claim (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [1st Dept 2011]).
Plaintiff's allegation that Nissan was a but for cause of the tenants' breach of the sublease was conclusory and merely recited the elements of the claim (see Benton v Kennedy-Van Saun Mfg. & Eng'g Corp., 2 AD2d 27, 29-30 [1st Dept 1956]). Furthermore, it was evident from the allegations that the tenants had abandoned the sublease well before the alleged interference by Nissan (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1354 [2d Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021